The opinion of the court was delivered by
Tilghmax, C. J.
The argument in favour of Weaver is, that Boyd having acknowledged by his writing of the 28th of February, 1823, that the sum of two hundred and fifty-seven dollars was due to M‘Corkle, and Baldy having paid value for an assignment of that sum, and Weaver having paid'.the same, on the faith *306 of the writing, Boyd should not be permitted to gainsay it. " But, in my opinion, this is giving to Boyd’s writing more weight than it is entitled to. if it had been an indorsement of negotiable paper, the argument, would have held good. But that is hot the case. Weaver had received notice, that the whole .bond was assigned to Boyd, and that he should pay to no other person. It was incumbent on him, therefore, before he paid Baldy, to inquire of Boyd, , whether the sum of two hundred and fifty-seven dollars was really due to'him. It is very material, that no communication passed between Boyd and Baldy or Boyd and Weaver on the subject. Baldy, therefore, took the assignment at his peril, and Weaver paid it at his peril. I do not see hów Baldy could be in a better situation than M* Córlele, from whom he received this assignment. And I think there can be no doubt, that Boyd would have been permitted to correct any error in the settlement between him and M'Corkle, especially an error, that, in all probability, arose from the account which M> Córlele gave him of Weaver’s payments. Those payments were known to M‘Córlele, and could not have been known to Boyd, And it is a circumstance of some importance. that. Weaver, if he examined, as he ought, to have done, the writing signed by Boyd, must have known that there was a mistake in it, — he must have known that bis own payments amounted to more than one hundred and seventy-three dollars and fifty cents. The assignee of a bond takes it subject to all objections which the obligor may legally make. Suppose, now, that a bond is given for the balance of an account settled between the obligor and obli-gee, and that this- bond is assigned, — the obligor would be permitted to enter into the consideration of the bond, and show a plain error in the settled account. But if the assignee, previous to receiving the assignment, had applied to the obligor, and asked him if the whole money was due, and he had answered in the affirmative,, he would have been estopped from denying it afterwards. In. the present instance, Weaver, who knew that MiCorkle had assigned the -whole bond to Boyd, and had been warned to pay to no one but Boyd, should have inquired of him before he paid to Baldy, whether all was right, arid he should have informed Boyd that there appeared to be- an error in the payments stated to have been made by him ( Weaver) to MlCorkle. If he had done this, it would have led to an explanation. I cannot perceive how the caSe of Baldy, who accepted an assignment on the faith of Boyd’s writing, can be stronger than that of the assignee of a bond, who pays his money on the faith of the bond. And the same observation may be applied to -Weaver, who paid to the assignee of M‘Corlele, on the faith of a writing given by Boyd to M‘Corkle. Both Baldy and Weaver were deficient in making the proper inquiry. If either of them had applied to Boyd, they would have been safe; for Boyd must either have informed them of the error, or said that there was no error, which would have bound him to *307 stand to the writing. On the evidence appearing on the record, I am of opinion, that the charge of the court in favour of the plaintiff was correct, and therefore the judgment should be affirmed.
Judgment affirmed.