Jackson
v.
Brooks.

JACKSON, ex dem. Bradt and others, *vs.* BROOKS.

Where witnesses to *ancient writings* are dead, and such a period of time has elapsed since the execution of the instruments that no person can be presumed to be living who can testify to the handwriting of the parties or witnesses, evidence by a witness verifying the signatures of the parties and witnesses is inadmissible, although his knowledge of such genuineness is derived solely from an inspection of other ancient writings having the same signatures, which have been treated and preserved as muniments of title to estates.

A *tenant by the curtesy* is a competent witness for the plaintiffs in an action of ejectment by the heir at law.

Where a *trustee,* authorized to sell and convey lands, executes a deed for a valuable consideration of part of the trust estate, and immediately thereafter takes a reconveyance of the premises granted, the conveyance *at law* is valid; the remedy, if any, is in equity.

The *recital* in a *bond* to A. that the obligee had sold and conveyed to the obligor certain lands, is not evidence of such conveyance, where it is not shewn that the bond was ever in the possession of the obligee; but a recital by an *obligor* in a bond executed by him, that he had conveyed certain premises, is sufficient evidence of the fact of conveyance.

A conveyance by a *trustee* will be presumed 28 years after the creation of the trust.

THIS was an action of ejectment, tried at the Schenectady circuit in September, 1827, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

On the trial the following documentary testimony was exhibited : 1. Letters patent of the Schenectady patent, granted 17th November, 1684, unto Ryert Schermerhorn, and four others, in behalf of the inhabitants of the town of Schenectady, their associates, heirs, successors and assigns ; 2. A deed from Ryert Schermerhorn, *surviving patentee,* to William Appel, dated 23d October, 1714, conveying the whole tract *in trust* that the grantee should re-convey the same to the grantor and four others, viz. Jan Wemp, Johannes Teller, Arent Bradt, and Barent Wemp, so that the land should be held according to the true intent of the letters patent ; 3. A deed to the five persons last named from William Appel, in execution of the trust, dated 26th October, 1714, by which the whole tract was conveyed to the grantees, in trust for themselves and the oth-

er inhabitants and freeholders of the town of Schenectady, their heirs and assigns forever; 4. Letters patent of confirmation, under date of 6th November, 1814, by which the same tract was granted, ratified and confirmed unto the grantees in the deed of William Appel named, in trust for themselves and the other inhabitants and freeholders of the town of Schenectady, their heirs and assigns forever; 5. A deed from Jan Wemp and Arent Bradt, as *patentees* in trust for the then township of Schenectady, to Jacob Glen, bearing date 1st March, 1733, conveying 60 acres of land in fee simple to the grantee for the consideration of £30; 6. A deed from Jacob Glen to Arent Bradt, of the same premises, for the same consideration, bearing date 3d March, 1733. The two last deeds were thus proved: L. Vrooman, a son-in-law of Harmanus Bradt, and executor of his will, testified that they were found by him amongst the deeds, evidences and muniments of title of the estate of his testator; that the grantors and witnesses to the deed from Wemp and Bradt to Glen had been dead many years, and for too long a period of time for any person living to swear to their hand writing from having seen them write; that the witnesses to the deed were Abraham Mabee and Nicholas Schuyler; that he had in his possession several deeds to which were subscribed the names of Wemp and Bradt as grantors, and of Mabee and Schuyler as witnesses, some of which were the title deeds to his own property; that he had acquired a knowledge of the hand writing of those grantors and witnesses by inspecting the deeds in his possession, and that from the knowledge thus acquired he could swear that the signatures of the grantors and witnesses to the deed from Wemp and Bradt to Glen were the genuine hand writing of the grantors and witnesses. This evidence was objected to, as well on the ground of the alleged incompetency of the witness, he being a *tenant by the curtesy* as to part of the premises claimed, as on account of the insufficiency of the evidence, but the judge overruled the objection. The deed from Glen to Bradt was proved by like evidence. 7. On the part of the plaintiff there was also read in evidence a deed from *Arent Bradt, the elder*, to his two sons, Harmanus and John, bearing date the 9th December, 1754, by which the grantor conveyed

to the grantees in fee in *joint tenancy*, the whole tract included
in the original letters patent, *to hold in trust* for themselves and
the other inhabitants and freeholders of the town of Schenec-
tady, their heirs and assigns forever.   This deed was proved
in like manner as the deeds to and from Glen were proved.
8. A bond from Harmanus Bradt, John A. Bradt and Arent
Andries Bradt to Arent Bradt the elder, bearing date 21st De-
cember, 1758, which, after *reciting* that Arent Bradt the elder
had by deed of conveyance of that date, granted and convey-
ed unto John A. Bradt and Arent Andries Bradt all his estate
real and personal of which he was possessed, was conditioned
that the obligors should permit the obligee to hold and possess
all his lands and tenements, goods and chattels, during the
term of his natural life.   This bond was probably found among
the papers of Harmanus Bradt, one of the *obligors*.   In addi-
tion to the documentary evidence, it was proved that Arent
Bradt the elder died about 50 years before the trial; that he
had three sons, Andries, the eldest, Harmanus and John; that
Andries died in the life time of his father, leaving two sons,
Arent and John; that Arent, the son of Andries, died about
20 years before the trial, leaving five children; that Harma-
nus died since 1800, leaving a number of children and grand-
children, and that John, the son of Arent the elder, died with-
out issue, leaving his brother Harmanus him surviving.   The
premises in question are about 30 acres, part of the premises
conveyed by Glen to Arent Bradt the elder, and the lessors of
the plaintiff are the children of Arent the younger, and the
children and grand-children of Harmanus.

On the part of the defendant, to defeat the title set up as
derived by *descent* from *Arent Bradt the elder* to *Arent Bradt
the younger*, and from him to his descendants, there was read
in evidence a deed from Arent Bradt the younger to John Dun-
can, bearing date 6th September, 1785, conveying a full and
equal undivided moiety of all the estate, right and title of the
grantor to the town lands comprehended within the limits of
the original patent of the township of Schenectady; and there
was also read in evidence an agreement in writing, under seal,
executed by Arent Bradt the younger, bearing date on the
same day with the deed to Duncan, in which, after reciting

that he (Arent Bradt the younger,) had on that day convey-ed *all his share* of the town lands of Schenectady to Ryert Schermerhorn and John Duncan, to each of them one full and equal undivided half, the whole so conveyed as to comprehend at least one proprietor's full share, Arent Bradt the younger covenanted that should it appear at any future day that all, or any part of the premises so conveyed, had been before convey-ed by him, or any of his ancestors, so that the conveyance to Schermerhorn and Duncan should be defeated, and they not be enabled to enjoy the premises conveyed to them, that he would, on due notice, pay to Duncan, his heirs, &c. the sum of £30, be-ing the sum paid for the half conveyed to him, or a proportion-ate sum, according to the quantity of land lost by such previous conveyances. And to defeat the title set up under *Harmanus Bradt*, the defendant read in evidence, 1. An exemplification of the last will and testament of *Arent Bradt the elder*, bearing date 11th March, 1735, by which the testator devised all the right which he had to the lands granted by the Schenectady patent, as *surviving patentee in trust for the township of Schenectady,* unto his son Harmanus Bradt and *nineteen* other persons, and to their heirs and assigns forever, *in trust* for themselves and the other inhabitants and freeholders of the town of Schenecta-dy. The insufficiency of this evidence was objected to, because it appeared that the will had been proved in the common pleas of Albany by only *one* of three subscribing witnesses. With the exemplification of the will, there was also an exemplifica-tion of a certificate of the surrogate of Albany, bearing date 19th November, 1770, stating that the will had been duly proved before him by all three of the witnesses. The objec-tion was overruled. 2. A deed from Harmanus Bradt and *seven* others, describing themselves as *surviving trustees* of the township of Schenectady, to Michael Tyms, bearing date 12th January, 1795, conveying the lands granted by the Schenec-tady patent, excepting so much thereof as had been in any-wise disposed of, or coveyed by them or their predecessors, *upon trust* that he should convey the same premises to eleven persons named in the deed, and to the survivor and survivors of them, his and their heirs and assigns forever, *in trust* for themselves and the other inhabitants and freeholders of the

Jackson
v.
Brooks.

town of Schenectady. And 3. The act of incorporation of the *city of Schenectady* passed in 1798, whereby the legislature declared that the property held in trust by the trustees of the town of Schenectady should vest in the corporation of the city. The defendants also gave in evidence two other deeds ; 1. A deed from *Arent Bradt the elder* to Klaas Van Patten, bearing date 18th July, 1738, whereby, after reciting the conveyance of 1733 from Van Wemp and Bradt to Glen, and the re-conveyance by Glen to Bradt the grantor, conveyed 5 *morgans* and 560 rods of land, part of the premises described in those deeds, to the grantee ; and it was proved that the heirs of the grantee, and the defendant in this cause who derived his title from them, for 30 years preceding the trial had possessed the same ; and 2. A deed from the trustees of the town of Schenectady to Aaron R. Schemerhorn, bearing date 4th December, 1797, conveying to the grantee 7 acres and 3 roods of land, part of the premises claimed by the lessors of the plaintiff, and proved that the same had been possessed under such conveyance from its date, the grantee having transferred the land to the defendant about six years before the trial. It was further proved that the premises claimed by the lessors of the plaintiff, with the exception of the two last described parcels, were always called and reputed as *common lands*, and that the inhabitants of Schenectady cut wood upon them as common lands belonging to Schenectady until 1821, when the common lands of the city were sold ; at which time the defendant bought the premises in question, and entered into possession thereof. On these facts a verdict was entered for the plaintiff, subject to the opinion of the court on a case made. The case was argued by

*A. C. Paige,* for plaintiff.

*A. Van Vechten,* for defendant.

*By the Court,* SAVAGE, Ch. J. By the documentary evidence produced, the title to the patent of Schenectady is traced to Jan Wemp, Johannes Teller, Arent Bradt and Barent Wemp, to whom a patent of confirmation was granted by Lieut. Gov-

ernor Hunter, in November, 1714. To shew title in Arent Bradt, the deeds from Wempt and Bradt, *surviving trustees*, to Glen, and from Glen to Bradt, were offered as ancient deeds. It does not appear that they were received as such, and they clearly were not entitled to be so received, as there was no possession under them of the premises in question. It became necessary, therefore, to prove them. For this purpose Lawrence Vrooman was introduced as a witness, who was objected to on the ground of interest, having married one of the daughters of Harmanus Bradt, and his children by her being some of the lessors of the plaintiff. He was entitled to an estate for life in the property of his wife, and so long as he lives, his children cannot recover the property in an action of ejectment—they have no right of possession till the death of their father. If the plaintiff recovers in this suit, the verdict cannot be evidence for the witness in any suit which he may bring: his interest is, therefore, an interest in the question, and not in the event of this suit. It is like the interest of a widow in an action for her husband's estate, and she is competent. 5 Johns. R. 158. 4 Johns. R. 230. He was, therefore, a competent witness. Vrooman proved the deeds by stating that he was acquainted with the hand writing of the grantors and witnesses, not by having seen them or either of them write, but from the examination of deeds executed by them, and in his possession, as the evidences of title to the lands of Harmanus Bradt, of which since his death, he has had the custody; that the deeds in question were found among the papers of Harmanus Bradt; that he has many deeds signed by the same grantors in the presence of the same witnesses, some of which are the evidence of his own title to the lands. From inspecting such deeds he had acquired a knowledge of the hand writing of the grantors and witnesses, and from such knowledge he testified to the genuineness of the signatures. The parties were all dead so long ago that no person living could have seen them write. On this testimony they were received in evidence, though objected to.

Evidence of this description has been distinguished from comparison of hands. The witness is supposed to have formed a standard in his mind, from an examination of writings

deemed authentic, and with that standard to compare the wri-
tings in question.   1 Phil. Ev. 428, Gould's ed. 1823.   It is
added:  " When the antiquity of a writing purporting to bear
" a person's signature, makes it impossible for a witness to swear
" that he has ever seen the party write, it has been held suffi-
".cient that the witness should have become acquainted with
" his manner of signing his name, by inspecting other ancient
" writings which bear the same signature, provided those an-
" cient writings have been treated and regularly preserved as
" authentic documents."   7 East, 282, n. and 14 id. 328,   The
documents in this case, from an examination of which the wit-
ness formed his opinion, have been preserved as muniments of
title, and constitute the evidence of the title of the defendant
himself to a small piece of land included in the same deed with
the premises in dispute.   The deeds, therefore, from Jan Wemp
and Arent Bradt to Jacob Glen, and from the latter to Arent
Bradt, must be considered as sufficiently proved, and they show
title in Arent Bradt.

It was contended upon the argument, that if Arent Bradt
took under the deed from Glen, he must be deemed to have
taken as *trustee*.   I doubt whether such is to be the effect of
the conveyances in this instance.   The trustees no doubt had
power to make a valid sale ; the lands included in the patent
were intended for cultivation ; they were to be conveyed for
a sufficient consideration, to such as wished to purchase ; the
consideration money is presumed to have been received by the
trustees and accounted for by them to their *cestuis que trust ;*
the property being in Glen, there can be no objection to his
selling to Bradt, or in Bradt's purchasing.   Whatever reme-
dies there may be in chancery, we are pursuing the legal ti-
tle ; that title was vested in Arent Bradt the elder, as his indi-
vidual property by the deed from Glen, and if he did not part
with his interest by a valid conveyance, the title vested in his
grandson Arent Bradt, who was the eldest son of Andries,
who was the eldest son of Arent Bradt the elder, who died be-
fore 1770, and his real estate descended according to the rules
of the common law.

If Arent Bradt the elder ever conveyed the sixty acres
purchased from Glen, he must have done so by the deed of

December, 1754, to Harmanus and John ; or by the deed of
December, 1758, recited in the bond of Harmanus, John and
Arent Andries Bradt : or by his last will and testament, in
1765, by which he devised the whole patent to Harmanus and
others.

The deed to Harmanus and John in *joint tenancy*, is broad
enough in its terms to include the premises in question, but
most probably the intention of the grantor was to convey his
interest as *surviving trustee*. At John's death the whole estate
vested in Harmanus.

The deed alluded to in the bond of 1758 is not produced,
and all the evidence we have of its existence is a bond in
which Arent Bradt the elder is obligee. There is no positive
evidence as to where this bond was found, nor that it was ever
in the possession of the obligee. The recital therefore proves
nothing ; it is not found in any deed executed by the grantor
in the supposed deed, but in an instrument executed by the
supposed grantees. It is nothing more than their assertion of
the fact, which cannot be evidence in their own favor.

The will of Arent Bradt the elder was properly received
in evidence ; it contains a devise of the whole patent and all
the interest of the testator, as surviving patentee, to Harmanus
Bradt and others. It is dated in 1765, was proved before
the surrogate in 1770, and again in the common pleas, and
recorded in the clerk's office in 1795. On the 12th January,
1795, Harmanus Bradt and the survivors of the trustees to
whom the patent was devised by Arent Bradt, conveyed the
patent in fee simple to Michael Tyms, except so much as had
been previously conveyed by them or by their predecessors
*upon trust* that Tyms would reconvey the same to the same
trustees and several other persons in trust for themselves and
the inhabitants and freeholders of Schenectady.

If, as the plaintiff contends, the estate of Arent Bradt the
elder, in the premises in question, passed by the deed of 1854,
to Harmanus and John, John having died before 1795, the date
of the conveyance to Tyms, the estate conveyed by the deed
of 1754, and that conveyed by the will passed from Harma-
nus by the deed to Tyms ; and if the presumption of law

is, as it is contended, that Tyms must have *reconveyed* to the trustees named, then the title was in those trustees, of whom Harmanus Bradt was one in 1798, when the city was incorporated, and when the legislature declared that the property thus held in trust should vest in the corporation.

If the premises in question did not pass by the deed of 1754, or by the will in 1765, then it must have descended upon the death of. Arent Bradt the elder to Arent Bradt the younger, and he conveyed it to Ryer Schermerhorn and John Duncan, one half to each, in 1785. The conveyance to Duncan only is produced; but the accompanying instrument executed by Arent Bradt the younger, recites a conveyance of the other half to Ryer Schermerhorn. This recital in a solemn instrument under seal, wherein the obligor states that he made the conveyance, seems to me to be sufficient evidence of the fact of such a conveyance.

The result of my opinions is that the lessor cannot recover either under the title of Arent Bradt the younger, or of Harmanus Bradt.

Had the plaintiff substantiated his right to recover any part of the premises conveyed to Glen, and by him to Arent Bradt the elder, that part which the defendant claims under Klaas Van Patten would be protected by the title derived from Arent Bradt the elder. As to the premises not enclosed before the sale of 1821, there could be no adverse possession; if the title was in the Bradts, the possession was also constructively in them, there being no actual possession; they would not be divested of the possession by the acts of others in cutting wood. These however, are questions not necessary to be discussed, as the lessor must fail on the ground that both Harmanus and Arent Bradt the younger conveyed away all the title they or either of them ever had.

Judgment for defendant.