## FOSTER *vs.* NEWLAND.

Where a *debtor* admits to a third person an existing balance due from him on a bond or other chose in action, and upon the strength of such admission such person takes an assignment of the bond or other chose in action, the debtor in a suit subsequently brought for the recovery of such balance is *estopped* from showing a claim against the original creditor for the purpose of reducing the amount of the recovery, although the assignment was taken for a *precedent debt.*

THIS was an action of debt, tried at the Saratoga circuit, in December, 1837, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff declared upon a bond bearing date 31st March, 1832, executed by the defendant in the penal sum of $2500, containing a *recital* that the defendant had on that day bought of the plaintiff a lot of land for $1250; that there was a mortgage upon the land executed by the plaintiff; and that there were three notes, for the payment of which the defendant was bound as surety for the plaintiff— and *conditioned* that the defendant would pay to the plaintiff *such sum as should remain due* to the plaintiff after the settlement and discharge of the mortgage and notes above referred to. After setting forth the bond with its recital and condition, the plaintiff averred that after the settlement and discharge of the mortgage and notes, *there remained due* the sum of $300, and concluded with the usual breach of non-payment. The defendant pleaded *nil debet,* and gave notice of *set-off.* On the trial of the cause a witness was called on the part of the plaintiff, who testified that on 25th March, 1834, he took an assignment of the bond declared upon; that previous to taking such assignment, be called upon the defendant and informed him that the obligee was indebted to him (the witness) in the sum of $150, and proposed to assign the bond in question to him, and asked the defendant whether that sum was due upon the bond? That the defendant answered that the sum of $150 was due thereon, over and above the mortgage then in con-

Foster v. Newland.

troversy, and advised the witness to take the assignment. The witness stated that relying upon such assurance of the defendant, he on the same day took an assignment of the bond, and held the same until the morning of the day on which he was then testifying, when he assigned his interest on the bond to a third person, who it was shown had *indemnified* the witness against his liability to costs in this action. This witness further testified, that a decree had been made by the vice chancellor which disposed of the mortgage and left a balance of six or seven hundred dollars due upon the bond. That an appeal from such decree had, however, been taken, and was still pending. The plaintiff having rested, the defendant moved for a *nonsuit* on the ground that no evidence had been given showing that the mortgage and notes mentioned in the condition of the bond had been settled. The judge decided that enough had been shown to authorize a verdict for $150, with the interest thereof, and therefore refused to nonsuit the plaintiff. The defendant then offered to prove a *set-off* against the *nominal* plaintiff, which the judge held to be inadmissible, and the jury under his direction found for the plaintiff with $189 29 *damages*, and six cents costs. The defendant asks for a new trial.

*N. Hill, jun.* for the defendant.

*A. C. Paige,* for the plaintiff.

*By the Court,* COWEN, J. The only point seriously insisted on is, that a settlement of the mortgage and note was a condition to the plaintiff's right of recovery, and that such settlement was not proved. The amount of the defendant's admission was that there was more than $150 due, over and above the mortgage which was then in controversy. This clearly imported that the notes were settled and paid ; and after what the defendant said to Ellsworth the assignee who acted upon the representation, he is, we think, estopped to deny that so much is due, absolutely and presently. Ellsworth became an assignee on the faith of what the defendant said ; and there are numerous cases that after thus tak-

ing an assignment upon the faith of what the debtor says, as to the validity or balance or other circumstance of the claim, he is estopped to impeach it by set off, payment, or even by showing that it arose on an illegal consideration. *Buchanan* v. *Taylor*, Addis. Rep. 155. *Carnes* v. *Field*, 2 Yeates, 541. *Weaver* v. *M'Cord*, 14 Serg. & Rawle, 304. *Davison* v. *Franklin*, 1 Barn. & Adolph. 142. There was no pretence of mistake or fraud ; and the defendant's language might be taken as waiving a formal settlement of the mortgage. It is like an endorser waiving notice of dishonor. Though he may, if he choose, insist upon it as a condition, he shall not be heard to do so, after he has with full knowledge of all the facts promised to pay.

All Ellsworth's rights passed to T. Palmer. It is true that the assignment was taken by Ellsworth as security for a pre-existing debt ; and that may, according to the doctrine which prevails in this court, with regard to commercial paper, be said to detract from the *bona fides* of the purchase. *Ontario Bank* v. *Worthington*, 12 Wend. 598 to 601. To conclude the defendant in the latter case, the assignee must part with some right on the credit of the paper. The doctrine has never been extended to the transfer of a chose in action specially accepted on the faith of an admitted debt at the time ; and it ought not to be. At such a rate an assignee can never be safe in taking paper to secure a previous debt. He tells the defendant his object, who replies, " Yes, the paper was on good consideration and valid, and all obstacles to payment are removed. Take it as security." What is this but promising on an original consideration to pay ; what is it but saying, if you will take an assignment, I will be bound ? The assignment is taken, an action brought and costs incurred ; and it would be to sanction the sheerest fraud, were we then to allow a defence. The cases are numerous, and go on the ground of an estoppel *in pais*. The defendant draws the plaintiff into a series of action and expense, and meets him at the trial, with the declaration that all he said was false ; therefore the plaintiff must lose his security and pay the costs. In *Hall* v. *White*, 3 Carr. & Payne, 136, the defendant had admitted to the

Foster v. Newland.

plaintiffs that he had their deeds in his possession. In detinue, the defendant proposed to show that the deeds never had been in his possession. Best, Ch. J. held that he was estopped on the ground that his admission had led the plaintiffs into the suit; and he directed a verdict for such damages as should compel the defendant to surrender the deeds. There are, I venture, a dozen cases to the same effect. I will only say they all quadrate with sound legal morals. See *Welland Canal Co.* v. *Hathaway*, 8 Wend. 433.

Indeed the learned counsel who argued for the defendant hardly denied the general position that the plaintiff is entitled to the $150; but he strenuously insisted that the action is premature, that although that sum is due, yet it is *debitum in præsenti, solvendum in futuro.* That the right to demand payment hangs on a condition not yet fulfilled : the settlement both of *the mortgage* and *notes.* It is an answer that the notes are literally settled, and the mortgage substantially so. The defendant says "the latter has been repudiated in the vice chancery; but if it be restored on appeal, there is still $150 due, over and above the mortgage. It is ascertained to be out of the way; it can never touch me as to that sum." This is settling to all substantial purposes at least; the money is admitted to be due at all events, and no time insisted cn. Surely the condition is not confined to a technical *insimul computassent.* The meaning of the contract is that the defendant shall not be obliged to pay for the land twice; viz. to the plaintiff and also to Thompson. He agrees with the assignee in effect, that the mortgage shall be considered as settled so far as to fix the small balance for which the assignment is taken; and the judge by limiting the recovery to that balance, secured him against all injury.

New trial denied.