By the Court, Bronson, J.
On the facts offered to be proved there can be no doubt that the defendant is bound to pay the note on which the action is brought, either to Cuddeback, the first assignee, or to Church, the present holder; and that while necessarily suing in the plaintiff’s name, they should be protected against his acts done after notice to the defendant of the assignment. So also they should be protected against a set-off of the plaintiff’s note, which the defendant purchased after notice of the assignment.
But there is a difficulty upon the pleadings. The plaintiff, instead of taking issue on the plea of payment, should have replied the assignment and notice; and there should have been a like replication to the plea of set-off, instead of a general denial of the matters alleged in the plea. I am not aware that this point has been directly adjudged; but in all the cases I have noticed, when a defence as *554 against the nominal plaintiff has been pleaded, the replication has been special, setting up the assignment and notice. In Littlefield v. Storey, (3 John. R. 425,) one of the pleas was payment. " In Raymond v. Squire, (11 John. R. 47,) a release was pleaded ; also, an accord and satisfaction. In Dawson v. Coles, (16 John. R. 51,) there were pleas of payment, release, and a. former suit and recovery by the plaintiff. In Briggs v. Dorr, (19 John. R. 95,) a release was pleaded; and there was a like plea in Wheeler v. Wheeler, (9 Cowen, 34:) and in Wheeler v. Raymond, (5 Cowen, 231,) satisfaction was pleaded. In each of these cases the replication was special, stating an assignment and notice before the defence set up by the plea arose, and averring that the action was brought in the name of the nominal plaintiff for the benefit of the assignee.
This should be so upon principle. When the plaintiff cannot gainsay the plea, he should confess and avoid it. In this way the defendant will have an opportunity to answer the matter on which the plaintiff intends to rely, and an issue will be formed upon the very point in dispute between the parties. To this point the proofs must be confined on the trial. It is an elementary principle, that no evidence is admissible which does not tend either to prove or disprove the issue which has been joined between the parties. This rule admits of very few exceptions, none of which touch the present case. The issues to be tried here were, 1. whether the defendant made the note on which he was sued; 2. whether he had paid the note to the plaintiff; and 3. whether he had a set-off against the plaintiff. The defendant proved the two last of these issues, and the plaintiff did not offer to controvert that proof. He did not on the trial, as he did by his replications, deny either that the plaintiff had been paid, or that the defendant had a set-off against him ; bút he proposed to set up new matter, for the purpose of showing that, although the pleas were true and the replications false, the defendant ought not to avail himself of the defences which the pleas set forth. This was not within the issues upon which the parties went to trial, and the evidence was properly rejected.
*555 If the defence of payment had arisen before the note was transferred, the defendant would have been estopped from setting up the payment as against the assignee, because the latter, parted with his property and took the note on the faith of what the defendant had told him. (Foster v. Newland, 21 Wend. 94.) And then, perhaps, it would not have been necessary to reply the special matter. (Welland Canal Co. v. Hathaway, 8 Wend. 480.) But it is unnecessary to decide that point, for I infer from the case that the payment was made, not only after Cuddeback had made enquiry, but after he had taken the note and given notice to the defendant. It is, then, the common' case, and the plaintiff should have replied the assignment and notice, instead of denying the truth of the pleas.
Cowen, J. dissented.
Motion denied.