Scott, J.
The defendant in error brought an action, in the court of common pleas of Portage county, for the purpose of .perpetually enjoining the plaintiff in error, from asserting the statutory lien of certain judgments, which he had obtained in said court, against one Elisha Garrett, upon lands situate in said county, which had been sold and conveyed to the plaintiff below, by the said Garrett, for the consideration of the sum of three hundred dollars.
The grounds upon which the right to this relief was based were, that he, the plaintiff below, had been induced to pur- . chase said lands from said Garrett, by the false representations and declarations of the defendant below, that he, said defendant, held no liens, claims, or incumbrances upon the premises; while, in fact, the judgments aforesaid were then subsisting liens thereon; and that said Beardsley, defendant below, well knew at the time of making such representations, that the plaintiff was negotiating for the purchase of said lands, and was endeavoring to ascertain whether the same were in any manner incumbered, or not; and that said representations were ¿intended to influence and induce the plaintiff to make said *415 purchase, and receive a conveyance from Garrett; and did, in fact, influence him accordingly.
Beardsley answered, admitting, with some qualifications, the representations alleged; but averring that he acted in the matter in entire good faith; without any intention to deceive the plaintiff; and made said representations in momentary forgetfulness of the existence of his judgments, and by way of reply to inquiries made of him by the plaintiff, at a time when his attention was engrossed with other business.
The case came, by appeal, into the district court, where there was the following finding of facts, from the evidence — “ That at the time mentioned in said petition, the said plaintiff meeting said defendant in the fair-grounds, during the holding of an agricultural fair, asked him, said defendant, if he had any claim or lien on the premises mentioned in the petition, saying, at the same time, that he was intending to buy the same, if he could get from Garrett a good title. To which question said defendant answered, that he had no claim or lien thereon. That plaintiff relied upon said answer, and bought the said premises of said Garrett, the same day, and paid him therefor the sum of three hundred dollars. The court also found, on said trial, that said plaintiff had, on the day of said conversation, and prior thereto, partially examined the public records of said county, in search of the title of said premises, but being in haste, he desisted from a complete examination, and sought said defendant, for the purpose of making said inquiry. The court also found, that the representation, so made by said defendant to said plaintiff, was made under a mistake of the facts, in good faith, without any intention to conceal anything from plaintiff, or to mislead him. And, thereupon, the court held, under said findings, that said plaintiff was entitled, by law, to the relief prayed for in said petition, and decreed accordingly.”
The only question now m'ade, in argument, is, as to the law of the case, arising upon the state of facts found by the court.
Technical estoppels, by deed, or by matter of record, are regulated by well-settled rules, which admit of certain application ; but, in regard to what are called estoppels in pais, de *416 pending as they do on the particular circumstances of the case, it would be difficult to prescribe a rule of universal application.
It is, however, settled law, that, in general, “a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another,, and did so influence it, and when such denial will operate to-the injury of the latter.” Welland Canal Company v. Hathaway, 8 Wend. 483. It was said in the same case, that the acts and admissions of a party will, in general, operate against him, by way of estoppel, only “ where, in good conscience and honest dealing, he ought not to be permitted to gainsay them.” And, as this is no doubt true, and the question is, therefore, one of ethics, as was said by Judge Bronson, in Dezell v. Odell, 3 Hill, 215, it is argued by counsel, in this case, that the plaintiff in error is not to be estopped by representations which were made in good faith, and without intention to deceive or mislead. But we think an estoppel may arise from admissions and declarations made without any fraudulent purpose. The circumstances may be such, that “good conscience and honest dealing ” may require a party to bear the consequences of his own negligent mistake, instead of throwing the resulting loss upon another whom he has misled. What are the facts of the present case, as found by the district court ?
Foot applied to Beardsley for the purpose of learning whether he held any claim or lien upon certain lots, which Foot told him, that he was expecting to purchase, if he could get a good title. Beardsley, in reply, gave a positive and unqualified assurance that he held none; and Foot, relying upon-this assurance, purchased the lots, and paid out three hundred dollars therefor. The subject-matter of this admission or representation, was one resting peculiarly within Beardsley’s knowledge, and in respect to which it could not be expected that he would make a false admission, adverse to his own interest. He must, under the circumstances, have expected and intended it to be relied and acted upon by Foot. It was a virtual declaration that any judgments in his favor, standing-apparently unsatisfied upon the record, and which would be a *417 lien upon the property in question, were in fact satisfied; and it was, under the circumstances, an authority to Foot to rely and act upon the assurance thus given. It was so intended, and so understood. And after it has been acted on, Foot is not to be prejudiced, and Beardsley protected by its revocation. The attempted revocation, by a counter statement, comes too late. The current of authority, both English and American, makes the case one of estoppel, under the general rule. Pickard v. Sears, 6 Ad. & Ellis, 474; Freeman v. Cook, 2 Ex. Rep. 654; (Lord Chan. Cranworth’s opinion in Jordan v. Money), 5 House of L. Cas. 212; Welland Canal Company v. Hathaway, 8 Wend. 480; Foster v. Newland, 21 Wend. 94; Dezell v. Odell, 3 Hill. 215; Commonwealth v. Moltz, 10 Barr. 527; Davis v. Thomas, 5 Leigh. 1; Brown v. Wheeler, 17 Con. 345; Kinney v. Farnsworth, id. 355; Copeland v. Copeland, 28 Maine R. 525; Hicks v. Cram, 17 Vermont, 449; Taylor v. Zepp, 14 Missouri, 482; Otis v. Sill, 8 Barb. Sup. Ct. R. 102; Bank v. Wollaston, 3 Harr. 90; Morgan v. Spangler, 14 Ohio St. Rep. 102.
Judgment of the district court affirmed.
Peck, C.J., and Brinkerhoee, Rannby and Wilder, JJ., concurred.