JOHN MACKAY, Appellant, v. ANDREW MACKAY, CHARLES C
MACKAY, and HENRY MACKAY.

(GENERAL TERM, FIRST DISTRICT, JANUARY, 1870.)

In an action to recover possession of merchandise, the plaintiff, to estab-
lish his title, proved that he had given an order upon the manufacturers
in England, through two of the defendants as his agents, for the articles
to be made and sent to him at New York, and had received from such
manufacturers, notice of the acceptance of the order; but that said
defendants having terminated their agency, had substituted one of them-
selves in the order as the person for whom the goods were to be manu-
factured; and that the manufacturers under the direction of the defen-
dant, so substituted, had forwarded the same with knowledge of the
plaintiff's claim, to the other defendants at New York, by whom they had
been received.—*Held*, the plaintiff established no title which would
enable him to maintain the action.

THE plaintiff was a crockery merchant in New York, and
had his brothers Charles and Henry, the defendants, in his
employ. The defendant, Andrew Mackay, another brother,
who lived in England, was in the habit of executing orders
for him there.

Charles, while still in the plaintiff's employ, made a visit to
England, and being authorized to make certain orders there,
for the manufacture and shipment of goods to the plaintiff,
he, in connection with Andrew, arranged for the manufacture
and delivery of certain goods to the plaintiff, with Lively,
Powell & Co., who sent information of the fact, to the plain-
tiff. Afterward, in consequence of a disagreement, Henry
and Charles left the plaintiff's employ, and formed a business
connection under the firm name of "Mackay Brothers," and
Andrew altered the order, given on behalf of the plaintiff to
Lively, Powell & Co., so as to direct the goods to be manu-
factured for himself; and in pursuance of his, Andrew's, direc-
tions, the first parcel of the goods was shipped to Charles and
Henry, by the manufacturers, who had been told of the disa-
greement between plaintiff and his brothers, by Andrew, at

the time he altered the order, and had notice of plaintiff's claim to have the goods sent to him.   On receipt, by the defendants, of the goods in this country, plaintiff commenced this action, claiming the goods as his, and obtained possession thereof.

Upon the trial, the justice held that no title had passed to the plaintiff, and so instructed the jury, and the jury found for the defendants.   The plaintiffs excepted to the judge's ruling and charge and appealed to this court.

*John C. Dimmick,* for the appellant.

*John E. Burrill,* for the respondent.

Present—INGRAHAM, BARNARD and BRADY, JJ.

By the Court—INGRAHAM, P. J.   The only question in this case is, whether the plaintiff ever acquired such a title to these goods as will enable him to maintain this action for claim and delivery.   Conceding that the defendants are liable to the plaintiff in an action for damages for violation of their duty as agents, still that does not establish the plaintiff's title to the goods in question.   The contract was executory. Before it was performed, the person who had made it as agent altered the terms of it, and directed the property to be delivered to himself.   It was so delivered as manufactured for him, and paid for by him.   There never was any delivery to the plaintiff nor to any one on his behalf.

No one would contend if this sale had been made to a stranger and he had paid for the goods, even with knowledge that they had been made under an order of the plaintiff, that the plaintiff had any title which would enable him to take them out of the possession of such purchaser; and yet if the title vested in him before actual delivery, he could maintain an action against a purchaser with knowledge of his claim, as well as against any other person who had become wrongfully possessed of the property.

In *Andrews* v. *Durant* (11 N. Y., 35), DENIO, J., says : " A contract for anything not *in esse* does not vest any property in the party for whom it is agreed to be constructed during

the progress of the work, nor until it is finished and delivered or at least ready for delivery and approved by such party." (*Merritt* v. *Johnson*, 7 John., 473.)

So it has been held that where a party, acting in a fiduciary relation to another, purchases the trust property to his own use, still the legal title is in him and the remedy is in equity. (8 Wendell, 426; 27 N. Y., 567.) I see nothing in the relation existing between these parties to alter this rule. Admitting that the defendants violated their duty as agents, and have made themselves responsible as such to the plaintiffs, that does not vest the title to the property in them or give the plaintiff any right to the possession.

The judgment should be affirmed with costs.

Judgment affirmed.