## JOHN M. CARPENTER *vs.* PATRICK O'DOUGHERTY and others.

If a bond be executed and delivered with a mortgage, a subsequent assignment of the mortgage, which does not include, nor purport to include, the bond, is invalid, if it appears that there was no intention to include the bond also.

But if there was no bond given with the mortgage, then the mortgage is the principal and only security, and the only evidence of indebtedness; and an assignment of it by one having the legal title thereto will give the assignee a good title to the mortgage.

When it appears that a bond was made out at the same time as the mortgage, and that the mortgagee told the mortgagor to keep the bond; and there is some reason to believe that the mortgagee made the mortgagor his *agent,* to keep the custody of the bond; that the retention of the same by the mortgagor was as custodian for the mortgagee; and that the former so understood it; *it seems* this is a good delivery.

Parties may create a lien by delivery of title deeds, or by any other act evincing a clear intention to do so; and the lien will be upheld, as between the parties.

Equity aids the creditor to ripen his lien into effect, and holds the defendant to his agreement.

The defendant entered into an arrangement with the plaintiff for an extension of the time for the payment of a debt he owed the plaintiff, and to secure a judgment; and, as a part of such arrangement, agreed to get from his wife an assignment of a bond and mortgage which he had previously executed, and which his wife held as assignee. He obtained such assignment from his wife, and delivered it to the plaintiff and obtained an extension of the time of payment of his debt, and took up the judgment. *Held,* that by this assignment the wife concluded herself, as to so much of her interest in the mortgage as should be necessary to pay the plaintiff's debt against her husband.

*Held, also,* that if the wife had no title to the bond and mortgage, then, the defendant being the administrator of the mortgagee, they were assets in his hands, and he could pledge the same to the plaintiff, as he did, by delivering the assignment, and agreeing that the plaintiff should hold the same as security for his debt. That the effect of that transaction was to give the plaintiff a good *lien* upon the land mortgaged, as security for his debt of $1,300.

*Held, further,* that if the defendant took title to the premises as heir at law of the mortgagee, the mortgage interest was not merged in the legal title; he having evinced a clear intention that his interest as heir at law should not thus merge.

That the defendant having elected that the mortgage should be regarded as outstanding, so far as should be necessary to secure the plaintiff's debt, equity required him to stand to that election. And that he must be held

bound by his agreement and acts, and to have given the plaintiff a good and valid lien upon the land, to the extent of the debt mentioned in the assignment.

That he had, by such agreement and acts, created, in favor of the plaintiff, an *equitable mortgage.*

Also *held*, that the title of the plaintiff to the mortgage, and its validity as a lien upon the land described in it, could be upheld upon another principle, viz., that having stood by, and even aided his wife in effecting a transfer of the mortgage as a security, and obtaining further time for the payment of his debt to the plaintiff, the defendant had *estopped* himself from impeaching the validity of the security and defeating the lien thereby created.

THIS is an action to foreclose a mortgage and to declare the plaintiff to have a lien upon the premises described in the complaint, for $1,300.

The facts are sufficiently stated in the opinion of the court.

*John McCartin*, for the plaintiff.

*D. O. Bruen*, for the defendant.

HARDIN, J.   The defendant, Patrick O'Dougherty, in July, 1861, made, executed and delivered to his father, John O'Dougherty, his mortgage to secure the payment of $4,500.   In December, 1861, an assignment of the mortgage was prepared by the mortgagor, Patrick, in which it is stated that in consideration of "kindness and attention," the mortgage was assigned "as a *gift* and present" to Anna M. Dougherty (the wife of Patrick.)   This assignment described it as "the within mortgage and the bond accompanying it;" and it is in the handwriting of the defendant, Patrick, and executed by his father, John O'Dougherty.   That assignment was, on the day of its date, to wit, the 25th of December, 1861, acknowledged by the father before the son, as justice of the peace, and the certificate of the son, as justice of the peace attached to the assignment, and both indorsed on the mortgage.   The mort-

gage was recorded in August, 1861, and the assignment from the mortgagee to the daughter-in-law, Anna, was recorded April 30, 1862.

On the 3d of December, 1867, an assignment was made by Anna to the plaintiff of the *mortgage alone,* to secure $1,000, and acknowledged, and put on record, the same day.

It is here urged by the learned counsel of the defendant that the assignment to the plaintiff was invalid and inoperative, because it did not purport to, and did not, carry the bond, which is the principal obligation, the mortgage being but the incident.

If we assume that there was a bond made and executed and delivered with the mortgage, then it follows that the defendant's counsel is correct; if it be conceded that there was no intention to assign the bond also. Such is the force of the case of *Merritt* v. *Bartholick* (36 *N. Y.*, 44.) But if there was no bond given and delivered with the mortgage, then the mortgage was the principal and only security, and the only evidence of indebtedness, and an assignment of it would give the assignee a good title to the mortgage; provided an assignment was made by one having the legal title to the mortgage.

It is said here, in behalf of the defendant, that there was no delivery of the bond; but it appears the bond was made out at the time of the mortgage, and that the father told his son to keep the bond — that he did not care for it; and that he did not in fact take it from the possession of the son. There is some reason to believe that the father made his son his *agent* to keep the custody of the bond, and that the retention of it by the son was as custodian for his father.

Certainly, when Patrick drew the assignment from his father to his wife, he so understood it, and therefore inserted in the assignment a clause referring to and covering the bond.

Carpenter *v.* O Dougherty.

The father died on the 26th of April, 1862, and the son, Patrick, being the only heir at law, was appointed administrator (in April, 1865,) of his father's estate.

If the assignment by the father to the son's wife is ineffectual, then the mortgage (and bond if ever delivered) was an asset in the hands of Patrick as administrator. Certainly he took title, as administrator, if his wife did not take title to the mortgage through the assignment by the father to her.

The defendant, in 1870, entered into an arrangement with the plaintiff for an extension of the time for the payment of a debt he owed the plaintiff, and to secure a judgment, and, as a part of that arrangement, agreed to get an assignment of the bond and mortgage from the wife. He obtained such an assignment, and delivered it to the plaintiff, and obtained an extension of the time of payment of his debt, and he took up the judgment held by the plaintiff.

By the assignment of 1870 of the bond and mortgage, the wife concluded herself as to so much of any title she had to the mortgage (if any) as should be necessary to pay the plaintiff's debt against her husband.

If she had no title to the mortgage or bond, because they were never delivered to her by John, then, as before stated, the mortgage (and bond if delivered) were assets in the hands of the administrator, and he could pledge the same, as he expressly agreed to do, and did do, in the arrangement he made in 1870 with the plaintiff, and by delivery of the assignment made by his wife, and the agreement that the plaintiff should hold the same as a security upon his lands for $1,300. The effect of that transaction was to give the plaintiff a good *lien* upon the real estate, as security for his debt of $1,300.

Parties may create a lien by delivery of title deeds, or by any other act evincing a clear intention to do so. And the lien will be upheld, as between the parties.

Equity aids the creditor to ripen his lien into effect, and holds the defendant to his agreement. (*Rockwell* v. *Hobby*, 2 *Sandf. Ch.*, 9. 8 *Abb.*, 167. 22 *N. Y.*, 386. *James* v. *Morey*, 2 *Cowen*, 246.)

But the defendant's counsel insists that Patrick took title to the mortgage as heir at law of his father, and that as he had the legal title, the mortgage interest merged with the legal estate.

As he took title, if at all, as heir at law, and through the operation of law, it may be said that by his pledging the mortgage as a security for his debt, he evinced a clear intention that his interest as heir at law should not thus merge. Certainly, as long as he held title as administrator, the title to or interest in virtue of the mortgage would not merge. His acts as well as his position as to the mortgage, at the time of the making of the arrangement in 1870 with the plaintiff, forbid his insisting upon a merger. (*Clift* v. *White*, 12 *N. Y.*, 519.) He elected that the mortgage should be regarded as outstanding, so far as should be necessary to secure to the plaintiff the $1,300 debt. That election equity requires him to stand to ; and he must be held bound by his agreement and acts, and to have given the plaintiff a good and valid lien upon his lands, to the extent required to secure the debt and interest mentioned in the assignment of 1870, and assented to by him in the arrangement made by him, and consummated by delivering over the instrument executed by his wife.

In any view of the defendant's position, as shown by the evidence upon the trial, it is proper to hold him to have given the plaintiff a good lien upon the real estate described in the complaint. He created, in favor of the plaintiff, an equitable mortgage. (2 *Sandf. Ch.*, 9. 1 *Vesey*, 258.)

But, another principle, as against Patrick, upholds the title of the plaintiff to the mortgage, and its validity as a lien upon the defendant's lands. Patrick stood by,

Carpenter *v.* O'Dougherty.

nay more, he aided his wife in effecting a transfer of the mortgage as a security to the plaintiff, and to obtain further time from the plaintiff for the payment of the plaintiff's debt; and he thereby estopped himself from impeaching the validity of the security the plaintiff was thus induced to accept. (1 *John. Ch.*, 343. 21 *Wend.*, 94. *Tilton* v. *Nelson*, 27 *Barb.*, 595. 2 *N. Y.*, 278. 9 *id.*, 40.)

The defendant Patrick, in 1870, in effect, assured the plaintiff that the assignment he then delivered to the plaintiff would, in case of failure to pay, authorize the collection of the $1,300 debt out of his real estate; and that assurance was believed by the plaintiff, and forbearance given, as well as the relinquishment of a judgment; and now the defendant is estopped from defeating the lien he thereby created.

A judgment may be entered in favor of the plaintiff, declaring that he has a lien upon the premises described in the complaint; for the debt and interest; and that the plaintiff is entitled to costs to be taxed. And as the questions of law have been such that the case is an exception to the ordinary foreclosure cases, the plaintiff may have a further allowance of two and one-half per cent. upon the amount of the recovery.

Judgment accordingly.(*a*)

[JEFFERSON SPECIAL TERM, March, 1873, *Hardin*, Justice.]

(*a*) *Affirmed* at a General Term in the 4th Department.