*517 OPINION of the Court, by
Ch. J. Boyle.
— This was an action upon the case, brought by Stephenson against Eccles, for.neglect as an attorney in the ma-nagementor a suit, whereby Stephenson was nonsuited,
The first point which the record presents, arises upon a demurrer to the declaration. The objection to the declaration is, that it does not allege either that the plaintiff had paid to the defendant a lee, or that he had executed a note therefor. '
rr». .... . . , , 1 his objection certainly cannot prevail upon the principles of the common law. The declaration avers that the defendant undertook to prosecute the suit for a fee thereafter to be paid. This is clearly sufficient, and is more than is indispensably necessary at common law: for although a promise without a consideration is not hinding, nor the party making the promise responsible for a failure to undertake its performance, yet if he-do undertake to perform what he has thus promised to do, and by his negligence or want of skill an injury accrues *518 j0 (.⅛ person whose business he has undertaken to per - f°rrn' he will he responsible for such injury. Rut ft ⅛ urged that the act of 180 -K (a Litt. 2-15) concerning, at? tornies at law, has repealed the common law upon this su^Ject’ an<^ made an attorney liable only where a fee has been paid or a note executed tor the payment there-Qf. In SUch a case the act provides that the party in-jurec* by the neglect of the attorney, shall have an ac_-tion upon the case to recover the costs and damages sustained thereby. Rut the. act contains no repealing’ clause, and the. provision being in the affirmative, can-not operate to repeal the common law : for it is an es-tablished rule, that an affirmative statute does not take awa7 or abrogate the common law.
Whereawri. ting is not the bafis of anaction, but only matter of evi-tute^does* not require a denial upon oath, be. •party; .fóre ths offering i: .. put upon proof of ths execu.
failing to make mit his caufe of fo-.mbMnftma the jury as in cafe of a non- "
The amount of the debt in th® Pt!:t js on' ofdamages in this, but the amount fuftam. e<i to be left to che jury.
We are opinion court ci¿¡eci correctly in overruling the demurrer to the decía-. ■ ' ration.
⅜ Another question which the case presents is, whether recorc[ of the former suit and a copy of the note up-on which it was founded, and which was transcribed in-to the record, were admissible evidence or not?
To shew that the former suit had been depending, and the manner in which it bad been terminated, were and it can-facts necessary for the plaintiff to establish ; noi doubted that the record of that suit was not only Pr0Per evidence, but the only admissible evidence of these facts. And we also apprehend that it was competent to pr0ve that the defendant in this suit had been die attorney for the plaintiff in that action. But the copy of the note we conceive was not admissible. It cou[d only be used for the purpose of proving the jus-dee of the demand for which the former action had, beets brought, and it was obviously incompetent for that purpose, unless the original had been shewn to have been destroyed or otherwise out of the power of the plaintiff to produce ; and even then it would not have ^een admissible without proof of the execution of the original : for if the original itself had been produced, it must have been proven before it could have been read in evidence.
The statute of this country prohibiting a defendant* where an action is brought upon a writing not under seal, from denying by plea unless the plea be supported by affidavit, does not, as was supposed in the argument, _ *519 apply to a case of this kind. According to the plain words of the statute, it embraces only those cases Where the writing is the basis or substratum of the action, and cannot without the utmost distortion be made to extend to a case where the writing is but matter of evidence. The idea of a plea in such a case denying the writing, would be absurd.
It cannot therefore be admitted, as was contended in the argument, that under the provisions of this statute the defendant should have denied the note upon oath, before the plaintiff could be required to produce proof of its execution ; and as without such proof the original itself could not be read in evidence, it follows that the copy could not, and that it was consequently inadmissible, as well because the original was not proven aS because its absence was not sufficiently accounted for.
A third question presented is, whether the court below erred in overruling the defendant’s motion to instruct the jury as in case of a nonsuit ?
The refusal of that court so to instruct the jury, was no doubt predicated upon the Supposition that the justice of the debt or demand for which the former suit had been brought was sufficiently established. But this does not appear to be the casei The copy of the note was, as we have already decided, inadmissible ; and as the plaintiff was nonsuited in the former action, the record of that suit was no evidence of the justice of the debt for which it was brought. It was contended, however, that the plaintiff without such proof was entitled to recover the amount of the costs of the former suit. But it is clear, if the debt was not just, that he could not have succeeded in the former action, notwithstanding it had been prosecuted to a final trial ; at least we cannot presume that he would have done so ; and if he could not have succeeded in that suit, he cannot have sustained an injury by a failure to prosecute it. There being then no proof of the plaintiff’s right to recover in the former suit, the court ought to have instructed the jury as in case of a nonsuit.
The fourth and last question presented in this case is, ■whether the court below ei+ed in instructing the jury that the plaintiff was entitled to recover the whole amount of the debt for which the former suit was brought ?
*520 {t is jrlain from what has already been said, that the instruction upon this point was erroneous, in as much as the justice of the debt was not established. But admitting the debt to have been established, still we should be of opinion that the court below erred upon this point. The plaintiff would have been entitled in that case to recover such damages as he had sustained by the neglect of the defendant 5 but what those damages were, is not a matter of law, but a matter of fact. There is Indeed a probability that if the former suit had been duly prosecuted, the plaintiff might have recovered his debt; and it is also probable from the circumstances proven in the’ case, that he* will not be able hereafter to do so ; at least not without incurring more trouble and expense than the debt is worth : but it is the peculiar province of the jury to infer the existence of a fact from its probability, and the court cannot without usurping the authority of the jury make such an inference. As the instruction given in this case necessarily implies an inference of this sort upon the part of the court, it is clear that the court erred.
The judgment must be reversed with costs, and the cause remanded that the verdict may be set aside and a new trial had not inconsistent with the foregoiag opi« nion.