## HAIR v. GLOVER.

1. The receipt of an attorney at law, acknowledging that he had received certain securities for the payment of money, which he was to sue for in the United States circuit court, collect, and account for, is *prima facie* evidence of the genuineness, and justness, of the securities described in the receipt.

Writ of Error to the Circuit Court of Sumter. Before the Hon. G. Goldthwaite.

H. I. THORNTON and R. H. SMITH, for plaintiff in error.

There is but one error assigned in this case, which is upon the charge of the court, as set forth in the bill of exceptions. That charge was, that in an action against an attorney for neglect in the collection of a note, the attorney's receipt describing the note, is *prima facie* evidence of the justness and genuineness of the same.

1. To charge the attorney, it must be proved by the plaintiff, that the note in regard to the collection of which, he is charged to have been neglectful, was in fact made by the payor. 1 Saund. on Plead. and Ev. 169; 2 Stark. on Ev. 134-5; 3 Bibb's Rep. 518-19.

2. The actual loss to the plaintiff, is the measure of damages in an action against an attorney; and no loss in presumption of law has accrued to the plaintiff, for neglect in not suing on a note, unless such note is proved by the plaintiff, to have been executed by the maker. 3 Bibb, 517; 3 Ala. Rep. 213 to 219.

3. There is no difference, as it regards the proof to be made by the plaintiff below, whether the attorney gave the receipt produced, or took the note in hand as an attorney to collect it, without giving such receipt; and the mere taking of it as such attorney, would as much dispense with its production, and proof of its execution, as giving the written receipt. 8 Wend. 481.

4. The receipt of the attorney describing the note, does not

furnish *prima facie* evidence of its genuineness. 8 Wend. 481.

Manning, contra.

The court will observe by a perusal of the bill of exceptions (which is short) that the first point made for plaintiff in error, does not arise. The charge of the court admits that proof of the existence of the debt or note (the note made by Walke and Sturdevant) must be made; but says the attorney's receipt is *prima facie* evidence of its existence and validity.

The case cited from 3 Bibb's Rep. relates only to the admissibility of a copy of a note as evidence, instead of the original; and says further that if the original were there, it would have to be proved as against the defendant, who did not make it. Certainly. But here, there is no question of admissibility of evidence. And the receipt which is introduced without objection, shows, first, that the note was in defendant's own possession; and second, that defendant admitted that the note was genuine. It is not described in the receipt as a note purporting to be made by Walke and Sturdevant, but as a note *on* them. And under these circumstances, the receipt was held to be good evidence, if the defendant, who was in possession of the note, showed no circumstances "calculated to throw doubt or suspicion on its justness or genuineness."

The case cited from 8th Wendell shows that a party who gave a receipt to the " Welland Canal Company," was not thereby estopped from denying that it was a corporation. Certainly not; it might be an association, or partnership. It is not asked here that the defendant below shall be estopped by his receipt. Quite the contrary is shown by the charge of the court; and we apprehend that if, instead of producing his receipt, it had been proved that he had said he had received the note on those persons, it would be sufficient evidence of its genuineness, in the absence of any proof to impeach it, and when it was in his possession; and the note is proof of the indebtedness.

No doubt the plaintiff below was entitled only to recover the damage he sustained. But this court must intend that

there was evidence of such damage: such, for instance, as the death of the maker of the note, and the settlement of his estate without presentation of the claim within eighteen months; or his solvency at the time the note was in the attorney's hands, and subsequent insolvency.

CHILTON, J.—This was an action on the case, brought by the defendant in error against Hair, as a member of the firm of Hair & Labuzan, for negligence as an attorney in failing to collect a certain note placed in the hands of said firm.

It appears by the bill of exceptions, that the plaintiff read the receipt, which is as follows:

"Livingston, May 22, 1838. Received of Price Williams, Esq. an order drawn by B. S. Glover, directed to the cashier of the Branch of the Bank of the State of Alabama at Mobile, in favor of John P. Williams, or order, for a note on John Fitts, Andrew Alsts and A. F. Adams, due the first of January, 1837, for the sum of $890, which was deposited in said bank March 18, 1836; also, a note on John M. Walke and W. R. Sturdevant, for $800, dated 11th February, 1837, and due twelve months after date, and made payable to Bradley S. Glover, or bearer. All of which we are to sue for in the U. S. court, collect and account for. (Signed)

Hair & Labuzan, attorneys at law."

Thereupon the circuit court charged the jury, that it was necessary for the plaintiff to prove the justness of the demand against the makers of the notes for negligence in regard to which the defendant was sued, but that the production of the attorneys' receipt above copied, was *prima facie* evidence of the justness and validity of said notes, as a claim against the makers thereof, and that no other evidence thereof was necessary, unless the defendant had introduced evidence calculated to throw doubt or suspicion on the justness or genuineness of the same. This charge was excepted to, and is the only error now assigned.

It is insisted, that notwithstanding the receipt, it was incumbent on the plaintiff below, in order to charge the attorney, to prove that the note in respect to which he is attempted to be charged, was signed by the payor. In support of

this position, we are referred by the counsel for the plaintiff in error, to 2 Stark. on Ev. 134, where the author states, " that the plaintiff, if he complains that he has lost the debt which was due to him by the former defendant, he must prove the existence of the debt, and if he has obtained judgment to recover it, he should prove the fact, if alledged, by an examined copy of the judgment roll." The charge of the circuit court is not opposed to the law as laid down by Mr. Starkie, for the court charged the jury, it was incumbent on the plaintiff to prove the justness of the demand against the maker. The question is, whether the receipt is not *prima facie* evidence, and here the authority fails of application. In Eccles v. Stephenson, 3 Bibb, 517, which was an action against an attorney for negligence, the plaintiff offered in evidence the record of the suit which the attorney was retained to prosecute ; also, a copy of the original note upon which the action was founded. It was held, the copy note was not to be admitted as evidence, the original being the better proof, and the court adds, that the original, if produced, must be proven.

In neither of the cases referred to by the counsel for the plaintiff in error, did the court consider the effect of a receipt executed by the attorney. It is clear that the plaintiff below can only recover such damage as he has sustained by the negligence of the attorney, who is bound to exercise ordinary diligence in the prosecution of the business intrusted to his care : and that the *onus* of showing such damage devolves upon the plaintiff; but while this is true, it by no means follows that the attorney may not, by his admissions, waive the necessity of proof of facts, which the party would otherwise be compelled to make. The receipt in the case before us, is the written evidence of a contract between the attornies and the plaintiff below, by which the former acknowledge they have received for collection a note on a third party, specifying the amount, and the legal effect of the receipt is not only an acknowledgment, that the note existed as a demand against the maker, but that the attornies would use due diligence in collecting the demand therein specified against the debtor. The note is in the hands of the attornies. Is not produced. No suspicion is cast upon its genuineness

—nor any proof of the want of justness in the demand which it evidenced. Under such circumstances, we think it was not incumbent on the plaintiff below to prove either the genuineness or justness of the demand, further than the production and proof of the receipt. This the court charged, was *prima facie* evidence of the genuineness and justness of the note, and we think the charge free from error. We are bound to intend, in favor of the judgment, that the other proof necessary to sustain the action was made, to wit, that by reason of the want of that diligence which the law requires, in respect to the collection of the note, the plaintiff below sustained damage commensurate with the finding of the jury. In Mardis's adm'r v. Shackleford, 4 Ala. R. 493, it is said, that to establish negligence *prima facie*, it must be shown, (in addition to proof of the attorney's receipt, and the solvency of the debtor,) that the attorney knew of the residence of the makers of the note, or could by the use of due diligence have found out that fact. We must, as we have stated, intend in this case, that the fact was shown, and that a *prima facie* case was thus made out.

The view we have taken is not at all opposed to the decision in the Bank v. Huggins, 3 Ala. Rep. 206, where it is held, that in an action by the principal against an agent, for negligence in respect to a note, it devolved upon the principal to show, before he was entitled to recover the amount of the note as damages, that the parties who remain bound to him are unable to pay; otherwise the agent who was guilty of a breach of contract would be liable only for nominal damages. The case of Welland Canal Company v. Hathway, 8 Wend. Rep. 480, is not in point. In that case a receipt was given in these words: "Received of William Hamilton Merritt, agent W. C. C. the sum of £250, currency." It was proved, that the letters W. C. C. were understood to mean the Welland Canal Company, and the question was, whether this was sufficient evidence in an action by the company against Hathway, of the fact that the plaintiffs composed a body corporate. The court decides, that the giving of the receipt does not operate as an estoppel upon the defendant, and that it was incumbent on the plaintiffs to prove their

corporate character before they were entitled to recover, the admission of the party could not dispense with the *record* evidence of the fact. In the case before us, no such objection can be urged against the admissibility of the proof. See 3 Phil. Ev. C. & H's Notes.

Let the judgment be affirmed.