ALBANY,
Jan. 1832.

Welland Ca-
nal Co.
v.
Hathaway.

## THE WELLAND CANAL COMPANY *vs.* HATHAWAY.

The fact of a party *entering into a contract* with an association, and giving a
*receipt* to such association in the name by which it is known, does not *es-*
*top* such party from denying that such association is a *body corporate*, or
relieve the association from proving themselves 'a *corporation* when
they sue as such.

A party may avail himself of an estoppel *in pais*, but such estoppel, to be ef-
fectual, must be reciprocal and binding upon both parties, and the acts or
admissions relied on by way of estoppel must have been intended to influence
the conduct of the party setting them up, must have had the effect intend-
ed, and the denial must operate to the injury of such latter party.

Evidence resting in records cannot be supplied by proof of admissions of the
party sought to be affected by such evidence, of the existence of the facts
appearing by such records.

The *admissions* of a party are competent evidence only where parol evidence
of the fact sought to be shewn by such admissions would be comptent.

A special verdict, *presenting no other question than the relevancy of testimo-*
ny adduced on the trial of a cause, held to be irregular ; the circuit judge
should have decided the question, and his decision then might have been
reviewed on case made or bill of exception.

THIS was an action of *assumpsit*, tried at the Niagara cir-
cuit in April, 1830, before the Hon. ADDISON GARDNER, one
of the circuit judges.

The declaration contained the common money counts, and
the plea was the general issue. A *special verdict* was found by
the jury, from which it appears that the defendant was a con-
tractor to execute and construct a portion of the Welland canal
in Upper Canada, and that by· mistake, for the work done by
him, he was *overpaid* the sum of $1000, to recover back which
sum this suit was brought. In support of the action, the plain-
tiffs gave in evidence a *receipt*, signed by the defendant, in
these words : " Received from Wm. Hamilton Merrit, agent
W. C. C. the sum of £250 currency. April 7, 1827." The
jurors found that the letters W. C. C. stood for and were un-
derstood to mean the Welland Canal Company, and that Wil-
liam Hamilton Merritt was the agent of the company ; and
they found various other facts relative to the work done by the
defendant and his contract in relation to the same, but wheth-
er or not, upon the whole matters *the plaintiffs are a body cor-*

*porate*, by the name of the Welland Canal Company, the jurors are ignorant and pray the advice of the court—which is the sole question presented by the special verdict.

*J. C. Spencer*, for the plaintiffs.

*Greene C. Bronson*, (attorney general,) for the defendant.

*By the Court*, Nelson J. That the plaintiffs, must, at the trial, proves themselves duly incorporated by competent authority, on the plea of the general issue, is not to be contested at this day in this court, 19 Johns. R. 300 ; 1 Wendell, 555 : this is conceded by the counsel for the plaintiffs, but it is contended that the receipt of the defendant and his contract with the agent of the company ought to estop him from denying their legal existence ; or at least are *prima facie* evidence of that fact, subject to be rebutted. There is a dictum of Ch. J. *Thompson*, in the *Dutchess Cotton Manufactory* v. *Davis*, 14 Johns. R. 245, which is relied on by the plaintiffs. In that case there was a demurrer to some of the counts in the declaration, and one of the causes assigned was the want of an averment that the plaintiffs were a body corporate, duly organized in pursuance of the law, which the learned judge was considering when the opinion was pronounced. The remark, therefore, " The defendant having undertaken to enter into a contract with the plaintiffs in their corporate name, he thereby admits them to be duly constituted a body politic and corporate under such name," was not necessary to the point under consideration. The case of *Henriques* v. *The Dutch West India Company*, 2 Ld. Raym. 1535, was there cited, and is relied upon in this case as an authority for the plaintiffs. Upon examination, I think it will be found rather favoring the defendant's position. The Dutch West India Company sued Henriques in the C. B. in England, for money borrowed of them in Holland, and recovered. See the case before the C. B. on questions reserved at the trial by Ld. Ch. J. King, 1 Str. 608. From this report it appears that the cause went to the K. B. and House of Lords, and was affirmed. From the case in Ld. Raymond it appears that a *scire facias* was brought in the C. B. against the bail of Henriques in the

ALBANY,

Welland Ca-
nal Co.
v.
Hathaway.

above suit upon their recognizance. The bail pleaded there was no record of such recognizance as set forth in the *scire facias*, to which the company replied there was ; and upon this issue the court rendered judgment for the plaintiffs. This judgment was carried to the K. B. and two objections taken to its correctness by the plaintiffs, in error, neither of which touch the question under consideration. The judgment was affirmed in the K. B. except as to damages for the delay of execution, 5th July, 1728. On the 25th April, 1730, the cause having brought into the House of Lords, was there heard, and the counsel for the plaintiffs in error for the first time raised the question that no recognizance could be given to this company in England, as the law does not take notice of a foreign corporation, nor can a foreign corporation, in their corporate name and capacity, maintain an action at common law, and, therefore, the recognizance was void. To this the counsel for the company answered that the plaintiffs were *estopped*, by their recognizance, to say there was no such company ; and the judgment was affirmed. The correctness of this decision may be safely admitted without affecting in any way the question now before the court. It was clearly not competent for the bail to draw into litigation the right of the company to sue them in their corporate name, in that particular case, after a recovery against their principal in the suit in which they had entered into the recognizance in in question, and this, no doubt, was what the counsel meant in their answer to the objection before the House of Lords. In a note to this case, the reporter states that Ld. Ch. J. King, who tried the cause of the *Company* v. *Henriques*, told him he made the plaintiffs give in evidence the proper instruments by which, according to the laws of Holland, they were created a corporation. The report of the case (1 Str. 608) also shews this fact. The circumstances under which this company were constituted a body corporate, and their privileges, are there briefly stated. The species of the evidence by which the facts were shewn does not appear, but that is supplied by the note above. The whole case, therefore, I think, must be considered an authority against the principle contended for by the plaintiffs in this suit.

ALBANY.
Jan. 1832.

Welland ca-
nal Co.
v.
Hathaway.

An *estoppel* is so called, because a man is concluded from saying any thing, even the truth, against his own act or admission. The acts set up in this case, it is not pretended, constitute a technical estoppel, which can only be by deed or matter of record, but it is said they should operate by way of *estoppel*—an estoppel *in pais*. Such estoppels cannot be pleaded, but are given in evidence to the court and jury, and may operate as effectually as a technical estoppel, under the direction of the court. Co. Lit. 352. Vin. Abr. tit. Estoppel, 422. 19 Johns. R. 490. 1 Gilb. Ev. 87. From the manner in which a party must avail himself of them, it is obvious that there can be no fixed and settled rules of universal application, to regulate them, as in technical estoppels. There are many acts which have been adjudged to be estoppels *in pais*, such as livery, entry, acceptance of rent, &c.; but in many and probably most instances, whether the act or admission shall operate by way of estoppel or not, must depend upon the circumstances of the case. As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter. The case of the *First Presbyterian Congregation of Salem* v. *Williams*, strikingly illustrates this general proposition. There the plaintiffs, by their attorney, called upon the defendant for his rent, and enquired if there was any property upon the premises out of which it could be collected by distress; he answered there was not, and pointed out all the property he had, which was but a trifle. On the trial of the ejectment, brought for the default in payment of the rent, the defendant offered to shew there was sufficient property on the premises out of which the rent could have been collected. The court decided that he was estopped from disputing the truth of his admission to the plaintiff's attorney. All the cases I have seen in which the acts or admissions of the party are adjudged to operate against him, in the nature of estoppel, are generally cases where, in good conscience and honest dealing, he ought not to be permitted to gainsay them. From this brief view of the nature and reasons of the law of estoppel, as sought to be applied by the plaintiffs, I am satisfied the case under consideration does not fall within them. The plaintiffs held them-

selves out to the world as a corporate body, duly constituted to transact business in the manner and under the circumstances detailed in the special verdict, and the defendant has contracted with and done labor for them under the supposition that these professions were correct. If they have not the powers and privileges assumed on their part in their dealings with him, it is their own fault, not his. Whether they had these powers must have been known to themselves, not to the defendant, and no act of his could legally add to or detract from them. Why then should he be estopped from denying their corporate capacity, or they be excused from establishing it by legal evidence, when they are endeavoring to enforce their rights in a manner, and before a tribunal, which can entertain their suit only upon the proof or assumption that they are a corporate body, duly constituted by competent authority? Again; every estoppel ought to be reciprocal, and binding on both parties; Viner's Abr. tit. Estoppel, 463, (26) 422; this is universally true in all technical estoppels, and I apprehend it must be so in all cases to which the doctrine is applied, where the nature of the transaction will admit of it. Would, then, the plaintiffs, in a suit by the defendant on a contract, be estopped from denying their corporate capacity to enter into such contract? I apprehend they would not, and that in effect it has been thus frequently adjudged. *Head & Armory* v. *The Providence Insurance Company*, 1 Condensed R. 371, and cases there referred to. 2 Johns. R. 109. 2 Cowen, 664. 6 Wheaton, 593. 7 Cranch, 299. 2 T. R. 169. 5 Common Law R. 216. All these cases either expressly or impliedly determine that a corporation can bind itself only in pursuance of the powers given by the act of incorporation, and not otherwise.

But it is said that the defendant, by his contracts with the company, has admitted that they are a body corporate, duly constituted by law. I cannot assent to this position. The evidence proves that he has contracted with the agent of *an association* denominating themselves the *Welland Canal Company*, and nothing more. Whether they were incorporated by competent authority, or if incorporated, what were the legal capacities, are not admitted by him. To justify the inference

attempted to be drawn from the contract with the plaintiffs, it must first be shewn that there cannot exist an association styling themselves the Welland Canal Company, unless such association be incorporated and possess a legal capacity to contract, and to prosecute suits in courts of justice: but if such association can exist without being incorporated, why infer more than appears upon the face of the contract? Suppose the defendant had brought an action against the agent of this company on a contract made with him, could the agent set up as a defence that by the terms of the contract the defendant had admitted that he not only acted as agent, but that he was duly constituted such agent? Certainly not. It is well settled that he must plead and prove his authority, so as to give a remedy against the company, 19 Johns. R. 60; 13 id. 307; 1 Cowen, 536; and this must generally involve proof of the legal existence of the corporation. The contract on its face would shew that he acted as agent, but he must prove that he was duly constituted such agent, and shew the nature and extent of his powers. So in this case, the receipt and contract shew the fact of an association, acting under a particular name. So much appears on the face of the contract, and may be said to be admitted, but that is not enough for the plaintiffs; it must also appear that they had legal authority and capacity thus to act, and to prosecute suits by such name, before their suit can be entertained. In *Jackson* v. *Plumb*, 8 Johns. R. 378, the court say, the rule seems to be that when a corporation sues, either on a *contract* or to recover real property, they must at the trial under the general issue prove that they are a corporation. In the case of *Bill* v. *The Fourth Great Western Turnpike Company*, 14 Johns. R. 416, the suit was brought on a *contract* made by the plaintiffs in error with the defendant. The court reversed the judgment because there was no legal proof that the plaintiffs below were a corporation. In the case of the *National Bank of St. Charles* v. *DeBernales*, 11 Common Law R. 475, letters of the defendant were proved on the trial before Ch. J. Abbott, confessing an indebtedness to the bank of £19,000, yet the copy of the charter of the king of Spain was produced, incorporating the bank. This it seems was deemed necessary by the counsel and court. It is true

ALBANY,
Jan. 1832.

Welland canal
Co.
v.
Hathaway.

the question here presented was not raised in either of the above cases, though it might have been in the two last, and I cite them only to shew the understanding of the profession, and the practice of the courts. Without pursuing the examination of this question further, the conclusion to which I have arrived is, that the defendant has neither admitted the legal existence of the plaintiffs as a corporate body, nor has he done any thing by which he is estopped from denying it.

I am also of opinion the evidence relied upon by the plaintiffs was incompetent to prove that they were a corporate body, duly constituted by law. It was not the best evidence which the nature of the case admitted of. A copy of the charter of the company properly authenticated should have been produced, and nothing short of this can be admissible, unless the absence of such record evidence is legally accounted for to the court; at best, the proof relied upon is but the admission of the defendant, (I do not believe it amounts to that.) The testimony, therefore, is inferior in degree to that which the court must know exists in the case. I am not aware of any principle in the law of evidence which will authorize us to substitute the declarations of a party, even as against himself, for record or written evidence, and thereby dispense with its production. Such admissions rank only with oral testimony, and are entitled to no higher consideration in deciding upon the competency of evidence. It may be laid down, I think, as an undeniable proposition, that the admissions of a party are competent evidence against himself only in cases where parol evidence would be admissible to establish the same facts, or in other words, where there is not, in the judgment of the law, higher and better evidence in existence to be produced. It would be a dangerous innovation upon the rules of evidence, to give any greater effect to confessions or admissions of a party, unless in open court, and the tendency would be to dispense with the production of the most solemn documentary testimony. The principle for which I am contending has been decided by this court. In *Jenner* v. *Joliffe*, 6 Johns. R. 9, there was an attempt to prove the existence of legal proceedings in Quebec, by the confession of the party. Thompson, J. says, "The confessions of a party have never

been considered competent evidence of the execution of a specialty, and much less ought they to be admitted as proof of matters of record. The seizure under the attachment was set up by way of justification, and the defendant was bound to furnish the highest evidence the nature of the case would admit of the existence and legality of the attachment." In *Hasbrouck* v. *Baker*, 10 Johns. R. 248, the court decided that the admission of a party that he was suspœnaed as a witness, was not evidence against him, so as to dispense with the production of the subpœna. The principle and reasons in the case of *Fox* v. *Kiel*, 3 Johns. R. 477, are applicable to this point. There the confession of the defendant, that he executed the bond which was offered in evidence, was excluded as incompetent proof of the fact. The doctrine contended for in this case would make such a confession not only competent, but sufficient evidence of the instrument, without even requiring its production.

The wisdom of the rule of evidence for which we are contending is strikingly illustrated in this very case. A foreign corporation may prosecute suits in our courts, and if the admission of a defendant at their suit, on a contract, was competent evidence of the legal existence of such corporation, or if its existence was to be inferred from the contract with it by its corporate name, unless rebutted, how could the defendant disprove the effect of such admission or inference? What means has he within his control to prove that the plaintiffs have *not* been duly chartered by some foreign regal, or legislative power, even if the fact is so? Difficult as it always must be to prove a negative, a case cannot be imagined in which such difficulty could be less easily encountered. The evidence, then, being incompetent to prove the plaintiffs a corporation, it ought to have been rejected by the court, and the plaintiffs nonsuited. There was nothing for the jury to pass upon, and I consider the special verdict irregular, and unauthorized, and presenting no foundation upon which the final judgment of this court can be pronounced. 8 Cowen, 682. The only question presented belonged exclusively to the judge at the circuit to determine, and should have been brought here upon a case or bill of exceptions. That an objection was

ALBANY,
Jan. 1832.

Welland canal Co.
v.
Hathaway.

ALBANY,
Jan. 1832.

taken to the testimony by the defendant, is obvious, from the special verdict, and the judge erred in not deciding it, and in receiving the special verdict.

On the ground, then, of the error of the judge, and that the special verdict is wholly unauthorized and void, so much so that no final judgment can be rendered upon it, we grant a new trial, with costs to abide the event.