By the Court, Nelson, Ch. J.
I am of opinion that the learned judge erred in the disposition of this case at the circuit. The *185 attachments and proceedings under them, including the judgments, being utterly void and of no effect, did not necessarily or legally conplude the defendant from setting up, by way of additional defence, the fraud perpetrated by B. A. Green. These proceedings could not operate as an estoppel either technically or in any other way. They bound nobody; certainly not the defendant in them, B. A. Green. And, as a general rule, estoppels must be mutual. (Welland Canal Co. v. Hathaway, 8 Wend. 480, 483, 4, and the cases there cited.)
The utmost effect to which the proceedings under the attachments were entitled, considered in reference to that branch of the defence depending upon the invalidity of the sale to B. A. Green, was to regard them as some evidence tending to rebut the allegation of fraud, or to show an acquiescence in and confirmation of the sale after full notice of the fraudulent means by which it was procured. The evidence, therefore, like all other material evidence relating to a disputed fact in the cause, should have been submitted to the jury. It might have been, and undoubtedly was, very material and pertinent evidence of confirmation; but it could not have been so decisive or conclusive, under the circumstances offered to be proved, as to Avarrant the court in withholding it from the consideration of the jury.
There Avould have been much in this case open to observation before the jury, had the proof turned out as offered, going to explain aAvay the apparent effect of the attachment proceedings, and to rebut all idea of an intent on the part of the defendant to ratify the sale. A very strong argument to this effect arises from the fact that the proceedings themselves were instituted for the purchase money, though not yet due, under a mistaken notion probably that the fraud opened the Avay for an immediate collection of the debt. They Avent upon the assumption that the sale was void. Something is due, moreover, to the situation and feelings of a party acting under the belief that an attempt has been made, by deliberate artifice, to defraud him of his property. Legal proceedings unadvisably instituted for the pmpose of arresting tire consummation of the fraud, which turn out to be *186 void and no better than blank paper, should be regarded with considerable allowance. It seems to me rather a forced conclusion to say, that by the proceedings in question the defendant intended absolutely to confirm the transaction. At all events, the conclusion is certainly not one of law; and the circuit judge therefore erred in not receiving the evidence and putting the point to the jury.
New trial granted.