## MORTON's *Adm'r versus* HODGDON.

A disavowal, (by the owner,) of any title to personal property, will not preclude him from setting up his ownership, even as against the party to whom the disavowal was made, *unless* the conduct of such party was influenced by it, and *unless* it was made for the purpose of having such influence.

Personal property, under mortgage, and remaining by the contract in possession of the mortgager, is not attachable as the property of the *mortgagee.*

Property, which the officer had no right to attach, cannot be retained by him for the purpose of enforcing a reimbursement of money, which he may have paid to discharge a prior lien upon it.

REPLEVIN of a yoke of oxen, which had been attached as the property of Cyrus S. Clark, and placed by the officer in the hands of the defendant for safe keeping. When attached, they were found at the barn of one Tebbetts, who claimed to have a lien upon them for their keep. The creditor's attorney paid that claim, and the amount was refunded to him by the attaching officer. The other material facts are stated in the opinion. The *evidence* was submitted to the court, by whom judgment was to be rendered according to the rights of the parties.

*Rowe* and *Bartlett,* for the defendant.

Evidence of property in plaintiff's intestate is inadmissible. The taking and detention were induced solely by the statements of the intestate. His representative, therefore, is estopped to deny the truth of those statements. *Gregg* v. *Wells,* 10 Ad. & El. 90 ; *Tufts* v. *Hayes,* 5 N. H. 453 ; *Gosling* v. *Birnie,* 7 Bing. 339 ; *Chapman* v. *Searle,* 3 Pick. 44 ; *Stephen* v. *Baird,* 9 Cow. 277 ; *Dezell* v. *Odell,* 3 Hill, 215, and cases there collated by BRONSON, J. ; *Copeland* v. *Copeland,* 28 Maine, 525, 539 ; *Rangely* v. *Spring,* 21 Maine, 130.

Defendant is entitled to judgment for a return. The oxen having been rightfully attached, the money paid to Tebbetts was rightfully paid. Such payment operated as a transfer of Tebbetts' lien, and the property would be held to satisfy that

lien, even though it was not wanted to answer the attachment. *Townsend* v. *Newell*, 14 Pick. 332.

If defendant is not entitled to a return, he is at least entitled to damages, to the amount of the lien paid Tebbetts, and interest.

Defendant is entitled to a return, because the plaintiff had no right to his action of replevin, and the property was wrongfully taken from defendant. *Collins* v. *Evans*, 15 Pick. 63, 65, and cases cited; *Dillingham* v. *Smith*, 30 Maine, 370.

Courts refuse a return only where the general property is in plaintiff, or the law has disposed of it during the trial. *Wheeler* v. *Train*, 4 Pick. 168; *Whitwell* v. *Wells*, 24 Pick. 33; *Ingraham* v. *Martin*, 15 Maine, 373.

The officer is liable to Clark's assignee for the oxen. They should therefore be returned to him, or to the defendant, his bailee.

*Kelley* and *McCrillis*, for the plaintiff.

WELLS, J. — The plaintiff's intestate, Abraham Morton, was the owner of the oxen replevied, and in January, 1842, conveyed them in mortgage to Cyrus S. Clark, but by an agreement between him and Clark, he was to keep them until the expiration of the time of payment, in September then next following. They were subsequently attached on a writ in favor of Prescott & Josselyn, as the property of Morton. That attachment was released upon the declaration of Morton, that the oxen were not his property, but were the property of Clark; that he had sold them to Clark for sixty dollars, as payment towards a piece of land in Wellington; that he was to have the use of them that spring, if he kept them well, and that fall he was to drive them to Wellington or Brighton where Clark owned some farms. This communication was made to the attorney of Prescott & Josselyn, and he acting upon the information withdrew their attachment, which, having terminated, can have no connection with the subsequent one.

The same person, who was the attorney of Prescott & Josselyn, was also the attorney of Jenness, and caused the oxen to be attached in a suit brought by Jenness against Clark, as the property of Clark.   And it is contended, that the plaintiff is barred from maintaining this action by the declaration made by Morton.   But before one can be conclusively bound by a declaration made in relation to his interest in property, such declaration must be designed to influence the conduct of the person to whom it is addressed, and must have that effect. Morton had no knowledge of any intention on the part of Jenness or his attorney to attach the oxen as the property of Clark, and could not therefore have designed to influence him in that respect.   If it had been communicated to him, he might have then stated the existence of the mortgage, and the particular provisions of it.   There could have been no wilful purpose to mislead Jenness or his attorney, for he did not know that Jenness had any demand against Clark, nor that Jenness needed or had any occasion for information on the subject.   What he said cannot operate as an estoppel under the circumstances of the case.   1 Story's Eq. Juris. sect. 393 ; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 480 ; 28 Maine, 525 ; *Reynolds* v. *Loundsbury,* 6 Hill, 534 ; *Dewey* v. *Field,* 4 Metc. 381.   But when such declaration has not the effect of an estoppel, so as absolutely to conclude the party making it, still it is evidence to be weighed in connection with other testimony, and to have such force as it may deserve. *Tufts* v. *Hayes,* 5 N. H. 452 ; *Wallis* v. *Truesdale,* 6 Pick. 455.   In looking at the evidence, it does appear that Clark had a mortgage of the oxen, and by law his interest is not attachable, while the plaintiff had the possession and the right of redemption.   The undisputed facts of the case outweigh the effect of the declaration of Morton, and the oxen cannot be considered so far the property of Clark, as to justify their attachment as his property, and the taking them out of the control of Morton, or the hands of Tebbetts, where they had been placed.

It is not certain there was a fraudulent purpose on the part

of Morton towards any one.   Assuming that his language is correctly given, he might then have considered the mortgage as conveying the property to Clark in such manner as to authorize it to be called his property.   No inquiry was made of him as to the mode of transfer, and no statement in relation to it.

It is further contended, that there should be judgment for the defendant, and a return of the property, because there was an existing lien in favor of Tebbetts, and that it was discharged by Jenness, through the agency of his attorney.   By statute, chap. 117, sect. 38 and 39, personal property mortgaged or pledged  may be attached by tendering to the mortgagee, pledgee, or holder, the amount of the debt, for which it is mortgaged or pledged, and when sold on execution the officer may apply the proceeds of the sale to the payment of the sum so paid or tendered.   If the property is not held by the attachment, there is no power in the officer to make such application of the proceeds.    The statute applies to cases where the property is attached by a creditor of the mortgager or pledger, and is sold as such on the execution.    The officer cannot keep property, which he had no authority to attach, and sell it on execution, merely to reimburse a creditor for what he has paid to discharge a lien upon it.

Whether such payment would transfer the mortgage, or pledge, or lien to the person paying the money, in the same manner as if an assignment were made by the party holding it, when the attachment is invalid, it is not necessary in this case to determine.    There was no arrangement between Tebbetts, who claimed the lien, and the officer, that the officer should hold as his servant, as was the case in *Townsend* v. *Newell,* 14 Pick. 332, but the money was first paid by the attorney, and afterwards to him by an agent of the creditor.

The oxen not being attachable as the property of Clark, the officer is under no official obligations to him or his assignee in bankruptcy, and cannot have a return of them.

*Judgment for the plaintiff.*