# REYNOLDS *vs.* GARNER.

A special contract, in writing, was made between the parties, by which the plaintiff agreed to construct, and put into the defendant's mill, two water-wheels, and the defendant agreed to pay, for said wheels and work, $1,800. An action being brought upon said contract, by the plaintiff, the defendant, in his answer, set up a general denial, non-performance by the plaintiff, and a counter claim for property delivered and work done. On the trial, the referee directed a judgment of nonsuit against the plaintiff, because the evidence failed to show that the defendant made the contract sued on. A second action was then brought, by the plaintiff, against the defendant, in which the plaintiff claimed $1,800 as due to him, for two water-wheels, &c., and for work, labor and materials furnished to, and done and performed for, the defendant, under a special contract, setting it out, and alleging its breach by the plaintiff, and setting up the former judgment in bar, and a counter claim of the costs in the first action. *Held* that the defendant was not *estopped,* by his denial of the contract in the former action, nor by the judgment of nonsuit therein, from setting up the written contract as a defence to the second action.

*Held, also,* that no question affecting the merits of the former action could be deemed to have been passed upon or decided by the referee; and there was not, therefore, any adjudication, in the first action, upon any matter involved in the second.

Reynolds *v.* Garner.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

In July, 1854, the plaintiff made and entered into a contract with the Little Falls Cotton Mill to construct and put into the factory, at Little Falls, two waterwheels on or before the 1st of September following. And the said cotton mill, by George Pratt as its agent, agreed to pay, for said wheels and work, the sum of $1,800 if they should yield the amount of power specified in the contract. If not, then said cotton mill was to have the said wheels, for damages. The plaintiff having put in said wheels, and the defendant, who was the owner of said mill, refusing to pay, an action was brought against him. The complaint set out the contract, and alleged that it was made with the defendant by the name of the "Little Falls Cotton Mills ;" that it had been fully performed by said plaintiff ; and that the defendant had refused to pay. The defendant's answer contained, 1st. A general denial of the complaint; 2d. Non-performance by the plaintiff; and, 3d. A counter claim for property delivered, and work done for said plaintiff.

The case was referred to a referee, and was brought to a hearing before him, and he nonsuited the plaintiff on the ground that the plaintiff had not shown that the defendant made the contract. Judgment of nonsuit was subsequently entered, in said action. After the entry of said judgment the plaintiff commenced another action against said defendant, and complained against him for $1,800 due to him for two water-wheels and other structures and erections, and work, labor and materials furnished to, and done and performed for, said defendant, at his request. The defendant, in his answer, set up, 1st. A general denial; 2d. That the work, &c., was done, and materials furnished, under a special contract which he set out, and alleged its breach by the plaintiff ;

3d. The former judgment, in bar; and 4th. A counter claim of the costs in said former suit.

The cause was referred to the Hon. W. J. Bacon, before whom it was brought to trial. The first piece of evidence offered on the part of the plaintiff was the judgment record in the former suit; and he claimed and insisted that the defendant was thereby estopped from setting up said written contract as a defence in this action. The referee decided that the defendant was precluded, by his denial of the contract in the former action, and by the decision and judgment in said action, from setting up the contract, or any defence under it contained in the answer, as a defence to this action. The referee also held and decided that the defendant having, in the former action, denied the making of the contract, and upon the trial that issue having been decided in his favor, he was estopped, as between himself and the plaintiff, from now setting it up. To which ruling and decision the defendant's counsel excepted. The defendant's counsel offered, on several occasions during the trial, the written contract in evidence, and offered to prove his defence under it; but, on every occasion, the evidence was objected to, and rejected by the referee on the same grounds assigned for receiving the judgment record in evidence.

The referee, after hearing the parties, reported in favor of the plaintiff for the amount claimed, with interest, less $100 allowed to the defendant for work and labor and materials, done for and furnished to, the plaintiff. And from the judgment entered upon the report the defendant appealed.

*By the Court*, MULLIN, P. J. If there was an estoppel, in this case, it must have been either by the record, or *in pais*. An estoppel by the record occurs when in an action it appears by the record of a competent tribunal that the same subject matter has been litigated

Reynolds *v.* Garner.

between the same parties or those in privity with them, and judgment rendered thereon. When the identity of the subject matter of the two actions does not clearly appear from the record resort may be had to parol evidence to establish such identity. (*Wood* v. *Jackson*, 8 *Wend*. 9. *Embury* v. *Conner*, 3 *N. Y.* 511.) If we go to the record in this case, we find a judgment of nonsuit entered against the plaintiff because the evidence failed to show that the defendant made the contract on which the action was brought. It is true the referee, in the first action, finds several matters of fact which he had no right to find, after having determined to nonsuit the plaintiff. The nonsuit was moved for when the plaintiff rested; the decision was reserved, and although the defendant proceeded and gave evidence, yet we must presume that further evidence would have been given, if the nonsuit had not been granted.

No question affecting the merits of the action can be deemed to have been passed upon or decided by the referee; and there is not, therefore, any adjudication, in the first action, on any matter involved in the second. Hence it is that a nonsuit has never been regarded as a bar to a subsequent action for the same cause.

The referee in this case very properly held the nonsuit in the first not a bar to the second suit. If not a bar for one purpose, how can it be for another? If not a bar in favor of one of the parties, how can it be in favor of the other? It is an essential element in estoppels that they be mutual.

It seems to me, then, that the defendant was not estopped by the record, for the reason that the record showed no adjudication upon any matter in issue between the parties.

Was the defendant estopped by any matter *in pais?* This kind of estoppel occurs when a party to an action has by his act or declaration induced the other party to do, or omit to do, some act or acts which otherwise

would have been done or omitted, and by means of which he has been injured. (*Dezell* v. *Odell,* 3 *Hill,* 215. *Welland Canal Co.* v. *Hathaway,* 8 *Wend.* 480.)

The ground of estoppel relied upon in this case is, that the defendant having, in the former action, denied the execution of the contract and the plaintiff, being unable to prove it, was thereby nonsuited, and compelled to bring a new action. It is undoubtedly true that the defendant, in the answer to the first suit, denied his liability on the contract. It is also true that the plaintiff failed to prove his liability, and that he was, for that reason, nonsuited. It is quite obvious the first suit was not brought on the faith of any assurance that the defendant would admit his liability; and the plaintiff was nonsuited against his will. The only remaining act that the plaintiff could be induced by the defendant to do was the bringing of the second action. Now can it be said that the denial by the defendant of his liability upon the special contract induced or influenced the plaintiff in bringing the second suit? Is there any apparent relation between the alleged cause and the pretended effect? It seems to me, not. The only case to which we have been referred, or which I can find, is that of *The Philadelphia and Wilmington R. R. Co.* v. *Howard,* (13 *How. U. S. Rep.* 307;) and I think it will be found, on examination, that case furnishes no ground on which the ruling of the referee in this case can rest. The facts in that case, necessary to present the question of estoppel decided by the court, were these: A contract was made between S. & H. Howard and the Wilmington and Susquehannah Railroad Company, for certain work to be done by the Howards, in the construction of the railroad of said company. The contract was signed by S. Howard, but not by Hiram. An action of assumpsit was brought by the Howards, against the company, and on the trial of that action the defendant produced the said contract as the contract between the

Reynolds *v.* Garner.

parties, and as being sealed with the seal of the company; and by reason of its being the deed of the parties the Howards were beaten, on the ground that assumpsit would not lie on a deed.    Subsequently, the same plaintiffs brought an action of covenant, in the District Court of the United States for the District of Maryland, on the same contract; and from the judgment of said court an appeal was taken to the Supreme Court of the United States.    On the trial, the judge charged the jury that if they should find that in the former action the railroad company produced and relied upon the contract with the Howards as a contract under the seal of said company, and that said suit was decided against the Howards on the ground that said contract was duly sealed by the corporation, as its deed, then the defendant was estopped from denying the validity of its sealing, because such defence would impute to the defendant a fraud upon the administration of justice.    This charge was sustained by the court, on appeal.    Justice Curtiss, delivering the opinion of the court, after citing several authorities in support of his position, says: "These decisions go much further than this case requires, because the defendant not only induced the plaintiff to bring this action, but defeated the former one by asserting and maintaining this paper to be the deed of the company; and this brings the defendant within the principle of the common law that when a party asserts what he knows is false or does not know to be true, to another's loss and his own gain, he is guilty of a fraud."

In the case cited, the defendant produced and insisted upon the instrument as the deed of the company, and thereby defeated the action, and compelled the plaintiff to resort to another action founded on the contract as the company's deed.    In this case, the defendant, as he had the right to do, denied all the allegations of the plaintiff's complaint, thus apprising him, from the time of serving the answer, that he must be prepared to prove

the defendant's liability on the contract. From this time forward the defendant was silent and passive, leaving the plaintiff to establish his cause of action, if he could. It is true, good morals required that if the contract was the contract of the defendant he should have admitted it. But there is no *legal* obligation resting on the party to do so. The plaintiff was not misled. He was not compelled to bring a new action to meet a case made by the defence in the first action. The plaintiff was merely permitted to proceed in his own way to charge the defendant on the contract; and having failed in that, the defendant did not lose, nor did the plaintiff gain, a single right as against the other.

If any such doctrine of estoppel as that contended for in this case existed, some trace of it would be found in the books. The same course of proceeding pursued by these parties must have been pursued, in this country and in England, a vast number of times; and yet not a single case can be found where a party has been estopped as in this case. Although the absence of adjudicated cases upon a question is not conclusive, yet when from the nature of the case similar if not identical cases must have occurred very frequently, it certainly presents a pretty strong argument against the doctrine on which the case was decided by the referee.

If the defendant is estopped, in this case, from alleging the existence of a special contract, is he not also estopped from disputing the performance, and the quality, of the work, the price to be paid, and indeed every other fact required to be alleged and proved? The general denial in the answer embraced them all. The plaintiff was bound to prove all; and the failure to make proof of any of these facts would have defeated him as effectually as the denial of his liability on the contract. It may be said that the estoppel derives its force from the fact that the finding of the referee was upon the latter point. I do not perceive how this can

make any difference, in principle. The estoppel comes from the denial of a fact which the defendant knew to exist, and by means of that denial the plaintiff's action was defeated. So too, as the result of the action proves, he entirely denied all the other material allegations in the complaint, and should therefore be estopped as to them.

In any view of the case, it seems to me, there is no foundation for an estoppel of the defendant, in this case.

The judgment of the referee must be reversed, and a new trial ordered, with costs to abide the event.

New trial granted.

[ONONDAGA GENERAL TERM, April 6, 1858. *Mullin, Bacon* and *Allen,* Justices.]