## CHASE *v.* DEMING.

A partner, dealing in the name of his firm, was inquired of by the party with whom he dealt, of what persons the firm consisted, and replied of himself and another, whose names he gave in writing. In a suit against the two as partners, they pleaded that there was another partner not joined, and the promises alleged were made by the three jointly. Upon issue joined, the defendants were held to be estopped to prove the partnership to consist of three.

Upon the trial of the above issue, it was held that the defendants had the right to introduce evidence bearing on the amount of damages.

The verdict was that the two defendants did promise in manner, &c., as the plaintiff had declared against them, and it was held to include the finding of the issue.

ASSUMPSIT against Abial Deming and Daniel Holt, as partners in business, under the firm of D. Holt & Co., for goods sold and delivered, &c. At the first term, the defendants pleaded in abatement that the several promises in said writ declared on, if any such were made, were made by Daniel F. Tillotson, of, &c., jointly with said A. Deming and D. Holt, and not by said Deming and Holt alone, which said Tillotson is still alive, to wit, &c. The plaintiff replied that the several promises in said declaration mentioned, were, and each of them was, made by said Holt and Deming alone, as the plaintiff hath above thereof complained, &c., and tendered an issue to the country, which was joined.

At the trial, the defendants were permitted to open and close.

It appeared that when the contracts out of which the action arose were made, the plaintiff was unacquainted with Holt, by whom the contract was made, and had never before heard of the firm of D. Holt & Co., or of either of the members of said firm ; and he inquired of Holt who the members of the firm were, and Holt, in reply, informed him that the firm was himself and Abial Deming ; and at the same interview he gave the plaintiff the names of himself (Holt), of Bath, N. H., and Abial Deming, of Wells River, Vt., on a piece of paper, so that the plaintiff could write to them. Chase relied upon this information when he brought this suit against the defendants, and never knew or heard of Tillotson as a member of the firm until the defendants filed their plea in abatement. Holt admitted he did not inform the plaintiff that Tillotson was a member of the firm, because he did not understand the plaintiff to inquire who composed the firm, and that he gave the plaintiff the names of Deming and himself, in writing, for the purpose of correspondence only. There was evidence, but conflicting, that Chase

was present when the names of the firm, including Tillot-son, were given at the Lancaster Bank.

Under the issue joined, the plaintiff was permitted to prove his claim for damages, by offering evidence to sustain the charges in his specification. The defendants then offered to show that certain charges, embraced in the plaintiff's specification, were incorrect, and called on J. Twombly to show that he sold to the plaintiff only fifty bushels of oats, while the amount charged as purchased of him was sixty-one bushels. This evidence was objected to and rejected, because, under the issue joined upon the plea in abatement, which the defendants had elected, they had precluded themselves from contesting the merits of the plaintiff's claim ; and if their plea did not prevail, then judgment must go against them in chief, for the amount of damages, as proved by the plaintiff. To this ruling the defendants excepted.

The court charged the jury that the burden of proof was on the defendants, and if Holt made the representations testified to by the plaintiff, when the contracts were made, and the plaintiff afterward, till the commencement of the suit, had no knowledge, or no reasonable means of knowing that Tillotson was a member of the firm of D. Holt & Co., and the plaintiff relied on those representations in bringing the suit against Holt and Deming alone, they might find their verdict for the plaintiff, as the defendants would be estopped to maintain their plea.

The jury returned a verdict that Deming and Holt did promise, in manner and form, as the plaintiff in his declaration alleged, and assessed damages at $92.98. The defendants moved to set the verdict aside.

*Haywood* (with him *H. Hibbard,* and *Burns & Fletcher*), for the defendants.

1. The issue in this case was upon a plea in abatement ; and the question was, whether D. F. Tillotson was a part-

ner, and made the promises declared on jointly with these defendants. The jury returned a verdict that the defendants did promise, &c., and assessed the damages, but did not find whether Tillotson made the promises jointly with them or not, which was the real matter in dispute. For this reason the verdict should be set aside, and a new trial granted. *Holman* v. *Kingsbury*, 4 N. H. 104; *Jewett* v. *Davis*, 6 N. H. 518; *Parker* v. *Brown*, 15 N. H. 176; *Eames* v. *Stevens*, 26 N. H. 117; *Allen* v. *Aldrich*, 29 N. H. 63; *Litchfield* v. *Londonderry*, 39 N. H. 247.

2. The court rejected evidence offered by the defendants upon the question of damages. It is true, that if the issues had been found for the plaintiff, he was entitled to damages. But the declaration was in general assumpsit, and the pleading did not admit any definite sum to be due. *Webb* v. *Webb*, 16 Vt. 636. The amount of damages, therefore, should have been proved, and were open to proof on both sides, as in cases of default, and judgment for the plaintiff on demurrer. *Dodge* v. *Morse*, 3 N. H. 332; *Frye* v. *Hinkley*, 6 Shep. 320; *Eichorn* v. *Lemaître*, 2 Wils. 367.

*Hibbard* cited *Mechanicks Bank* v. *Dakin*, 24 Wend. 411, where *Cowen*, J., says: The pleas in abatement admitted the plaintiff's claim, but not the amount of it. The defendants, failing to sustain them by proof, the effect was the same as a judgment by default. Nominal damages were admitted, and these the plaintiffs were entitled to recover at all events. The defendants could not entirely defeat the plaintiffs, but might contest the whole, or any part of the claim in evidence, the same as if the general issue had been pleaded.

*Benton & Ray*, for the plaintiff.

1. If an issue of fact is joined on a plea in abatement, and is found for the plaintiff, final judgment should be

awarded in his favor. This rule extends to all dilatory pleas. The object of the rule appears to be to discourage false dilatory pleas. Gould's Pl. 300; 1 Chit. Pl. 355; *Jewett* v. *Davis*, 6 N. H. 518; *Bowen* v. *Shapcott*, 1 East 542; *Eichorn* v. *Lemaître*, 2 Wils. 367. When an issue of fact, on a plea in abatement, is found against the defendant, the judgment is final, and not a *respondeat ouster*. *Haight* v. *Holley*, 3 Wend. 258; *Peach* v. *Mills*, 13 Vt. 501.

And the same jury who find the issue should assess the plaintiff's damages. *McCarty* v. *Chambers*, 6 Wend. 649; *Hollingsworth* v. *Duane*, 1 Penn. (Wallace) 57, 58; *Mehaffy* v. *Shore*, 2 Penn. 361; *Moore* v. *Morton*, 1 Bibb 234. The plaintiff should, therefore, come prepared to prove his damages, otherwise he will recover nominal damages only. 2 Greenl. Ev. 27; *Weleker* v. *Le Pelletior*, 1 Camp. 479; *Dodge* v. *Morse*, 3 N. H. 233.

2. The charge to the jury, in respect to the defendants being estopped to maintain their plea in abatement, was exactly according to the rule settled in this very case by this court. Law Rep. (February, 1860) 609; see, also, 1 Greenl. Ev., sec. 207.

3. The motion in arrest ought not to prevail. The objection to the verdict is a matter of form only, and is not ground for setting it aside, either at common law or by statute. Rev. Stat., ch. 186, sec. 10; *Eames* v. *Stevens*, 26 N. H. 117; *Allen* v. *Aldrich*, 29 N. H. 63. Strike from the verdict the words "in his declaration," and it follows the issue made by the plea and replication precisely. And if the replication may not properly be called the plaintiff's declaration, or a part of it, then, we hold, the same words should be treated as surplusage. The jury could not have found for the plaintiff upon the pleadings without finding the issue submitted to them, and this is apparent from the record. Although a verdict is informal, and does not find the issue in terms, yet if a finding of the matter in issue may be concluded out of it, it will be

---

---

sufficient. *Litchfield* v. *Londonderry*, 39 N. H. 247; *Allen* v. *Aldrich*, 29 N. H. 75, 76; *Pettes* v. *Bingham*, 10 N. H. 514; *Porter* v. *Rummery*, 10 Mass. 64.

BELL, C. J. The declaration was general for goods sold and delivered, &c. The two defendants sued (Holt and Deming) pleaded that the promises were made by them jointly with Tillotson, who is still living. On this plea in abatement issue was joined, and the case tried. ·

The defendants claimed, and were allowed the right to open and close, and we think rightfully. The burden of proof upon the only matter in controversy upon the pleadings was upon them. *Jewett* v. *Davis*, 6 N. H. 520; *Chesley* v. *Chesley*, 37 N. H. 229.

It appeared that the contracts, out of which the defendants' indebtedness grew, were made by Holt, in the name of D. Holt & Co. The plaintiff, having no previous knowledge of the firm, or of the partners, inquired of Holt who the members of the firm were, and was told by him they were himself and Deming. And at the same interview, Holt gave him the names of himself and Deming, and their residences, in writing, so that he could write to them. Chase insisted that, till the suit was brought, he relied upon that information, and knew nothing of any other partner. The court charged the jury that, if they found the facts to be so, Holt and Deming would be estopped to maintain their plea.

Declarations, statements and admissions, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct has been thus influenced, and who would suffer injury by their denial. In such cases the party is estopped on grounds of public policy and good faith, from repudiating his own representations. 1 Greenl. Ev. 240, sec. 207; 2 Smith's L. C. 642; *Simons* v. *Steele*, 36 N. H. 73.

---

---

An estoppel is so called, says *Nelson*, C. J., ( *Welland Canal Company* v. *Hathaway*, 8 Wend. 483) because a man is concluded from saying any thing, even the truth, against his own act or admission. A technical estoppel can only be by deed, or matter of record; but, it is said, such acts or admissions should operate by way of estoppel — an estoppel *in pais.* Such estoppels can not be pleaded, but are given in evidence to the court and jury, and may operate as effectually as a technical estoppel, under the direction of the court; and he cites Co. Litt. 352; Vin. Ab., Tit. Estoppel, 422; 19 Johns. 490; 1 Gilb. Eq. 87.

The charge of the court, in this respect, seems to us entirely correct and proper.

It has been decided in this state, in conformity to what we regard as the rule of the common law, that, upon an issue of fact upon a plea in abatement being found for the plaintiff, the judgment will be peremptory and final; *Jewett* v. *Davis*, 6 N. H. 518; and the jury who find the verdict must at the same time assess the plaintiff's damages. *Eichorn* v. *Lemaître*, 2 Wils. 367; 2 Saund. 210, (*g*) n. 3; *Dodge* v. *Morse*, 3 N. H. 232; *McCarty* v. *Chambers*, 6 Wend. 650; *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 54; 2 Greenl. Ev., sec. 27.

As these questions were considered and decided by the court in this case upon the same state of facts, at the December term, 1859 (22 Law Rep. 609), it seems the main reliance of the defendants' counsel for a new trial is upon the ground that evidence tending to disprove a part of the plaintiff's claim for damages was rejected by the court.

It is contended by the defendants that, though upon an issue of fact joined upon a plea in abatement, and found for the plaintiff, the cause of action alleged must be regarded as admitted; yet, as the declaration in this case is in general assumpsit, no definite amount of indebtedness is admitted. The amount of damages to be recov-

ered is, therefore, the subject of proof on both sides, as it would be in case of a default, or a judgment for the plaintiff on demurrer ; and we think this position is well founded. It is fully sustained by the authorities cited for the defendant. *Mechanicks Bank* v. *Dakin,* 24 Wend. 411 ; *Webb* v. *Webb,* 16 Vt. 636 ; *Eichorn* v. *Lemaître,* 2 Wils. 367 ; *Frye* v. *Hinkley,* 6 Shep. 320 ; and *Dodge* v. *Morse,* 3 N. H. 132 ; Barnes' Notes 233 ; Imp. Mod. Prac. 463.

For this cause the verdict must be set aside. So far as we can judge from the case, this defect may probably be remedied by a *remittitur* of the amount to which the rejected evidence applied.

It is objected that the verdict does not find the issue on trial. The plea alleged that the promises declared on were made by the defendants and Tillotson, and not by the defendants alone. The plaintiff replied, that the promises were made by the defendants alone, as the plaintiff has complained, &c. ; and the verdict is, that Holt and Deming did promise in manner, &c., as the plaintiff has declared, &c.

The rule is, that if the point on which the verdict is given is so uncertain that it can not be clearly ascertained, whether the jury mean to find the issue or not, it can not be helped by intendment. 1 Mason 170; Com. Dig. Pleader S. 22 ; 11 Pick. 45 ; 3 Pick. 124 ; *Jewett* v. *Davis,* 6 N. H. 521 ; *Eames* v. *Stevens,* 26 N. H. 121 ; *Allen* v. *Aldrich,* 29 N. H. 75 ; *Litchfield* v. *Londonderry,* 39 N. H. 253 ; *Odlin* v. *Gove,* 41 N. H. 465.

If this verdict fails to find the precise point of the issue, it is one of those cases where "the finding of the matter in issue may be concluded out of it," in which the verdict is held to be sufficient. *Pettes* v. *Bingham,* 10 N. H. 514; *Holman* v. *Kingsbury,* 4 N. H. 106 ; *Foster* v. *Jackson,* Hob. 54 ; *Pope* v. *Skinner,* Hob. 72 ; Co. Litt. 282, a.

The verdict must be set aside, unless the court, at the

trial term, shall allow a *remittitur* of the amount to which the rejected evidence applied, in which case,

*Judgment on the verdict.*