## WILCOX *vs.* HOWELL.

In an action to foreclose a mortgage, brought by the assignee thereof, the defense set up was that the bond and mortgage were given to secure a loan of $1000 in money, and the price of certain watches, sold by the mortgagee to the mortgagor for $3000, and represented to be good gold watches, worth from $100 to $150 each, but which watches were not as represented, but were of base metal, and not worth in market over $300 ; and that the mortgagor was thereby defrauded to the amount of $2700. The fraud was found by the court to have been proved. The plaintiff purchased the mortgage on the same day it was executed, at a discount of $900, and took an assignment thereof, with knowledge that the mortgagor was largely in debt and his real estate heavily incumbered, and that the consideration for the mortgage was, in part, a sale of watches. *Held* that these facts were sufficient to awaken and should have awakened the plaintiff's suspicions and led him to further inquiry ; and were enough to charge him with notice of the fraud.

The mortgagee also procured from the mortgagor a certificate, dated the same day with the bond and mortgage, in which the latter declared that the bond and mortgage were given for a good and valid consideration, to the full amount thereof, and were subject to no offset or defense whatever. This was given before the mortgagor had discovered the fraud practiced upon him, and in ignorance of the design of the mortgagee to sell, and of the plaintiff to buy, the bond and mortgage, and without any intention thereby to induce the plaintiff, or any other person, to purchase them ; and was executed upon the representations of the mortgagee that such certificate was a mere matter of form, and that he, the mortgagee, would not part with the securities, and would give the mortgagor further time to pay, should he need it. And it was found, by the court, that the plaintiff did not rely upon the truth of the statements in such certificate, in purchasing the bond and mortgage. *Held* that the certificate did not amount to an *estoppel* in favor of the plaintiff.

The execution of the bond and mortgage and the signing of the certificate, occurred at the same time, and were parts of one and the same transaction. Those instruments were, both, together with the assignment of the mortgage, delivered to the plaintiff at the same time, and in pursuance of an agreement between the mortgagee and the assignee, entered into previous to the execution of the securities, for the sale and assignment of the mortgage by the former to the latter. *Held* that the certificate could have no other or greater effect, in any respect, than if the substance of it had been inserted, in the form of a covenant, in the mortgage ; in which case it would not amount to an estoppel.

APPEAL from a judgment, entered at a special term. The action was brought to foreclose a mortgage executed by the defendants John B. Howell and wife to Isaac Picard,

on the 9th day of July, 1859, for $4000 and interest, upon premises situated in Chili, Monroe county. The mortgage, and the bond accompanying the same, were on the same day assigned by the mortgagee to the plaintiff, at a discount of $900. The defense set up in the answer was that the bond and mortgage were given to secure a loan of $1000 in money, and the price of certain watches, sold by the mortgagee to Howell, for $3000; that the mortgagee, through Jacob Picard and Arnt Rosenthall, his agents, represented to Howell that the watches were good gold watches, in good running order, worth from $100 to $150 each, and that they could be sold in the market at an advance on those prices; upon the faith of which Howell purchased the watches in connection with borrowing the $1000; that the watches were not as represented, but were of base metal, and not worth in market to exceed $300; whereby Howell had sustained damages to the amount of $2700, which he asked to have allowed by way of recoupment. A payment of $420 was also set up in the answer.

At the time the bond and mortgage were assigned to the plaintiff, Howell executed the following certificate, the same having been required by the plaintiff as a condition of his purchasing the same:

"John B. Howell and Frances J. his wife to Isaac Picard. Bond and mortgage dated July 9, 1859; bond executed by John B. Howell, and mortgage by the same and wife as collateral to secure the payment of four thousand dollars, payable three years from the date thereof, with interest on the whole sum, payable semi-annually on the 9th day of January and July in each and every year, until the principal sum is paid.

I, John B. Howell, of the town of Chili, Monroe county, New York, do hereby certify and declare that the bond and mortgage of which the above is a memorandum, were given for a good and valid consideration, to the full amount

thereof, and that the same is subject to no offset or defense whatever.                    (Signed) JOHN B. HOWELL.

   Rochester, July 9, 1859."


   The court found as facts: That the bond and mortgage were obtained by the false and fraudulent representations alleged in the answer.

   That the certificate was procured from Howell by the same false and fraudulent representations by which the bond and mortgage were obtained, and by the further false and fraudulent representations, made by Jacob Picard, the agent of the mortgagee, that such certificate was a mere matter of form, and that the mortgagee would not part with the bond and mortgage, and would give Howell further time to pay them, if he should need it. That Howell made said certificate in ignorance of the design of the mortgagee to sell, and of the plaintiff to buy, the said bond and mortgage, and without any intention thereby to induce the plaintiff or any other person to purchase them. That the plaintiff did not rely upon the truth of the statements in said certificate, in purchasing said bond and mortgage. That at the time of making said purchase the plaintiff knew, or had been informed, that Howell was largely in debt, and his real estate was heavily incumbered, and that the consideration for the bond and mortgage in question was in part a sale of watches. That these facts, in connection with the terms of the bond and mortgage, and the fact that they were offered to him on the day of their execution, at a discount of nine hundred dollars, were sufficient to put him on inquiry, and he was chargeable with notice of the fraud. That said watches were, at the time of their sale, worth $2600 less than they would have been worth, if they had been as good as represented. That on the 9th of January, 1861, the plaintiff collected and received $420, being rents of the portion of the mortgaged premises in the city of Rochester, which was applicable towards the payment of the bond and mortgage.

That in September, 1859, and within a reasonable time after Howell learned that the bond and mortgage were transferred to the plaintiff, he tendered to the plaintiff the amount of money and the watches which he had received as the consideration of the bond and mortgage, and demanded those instruments, but the plaintiff refused to give up the same.

As conclusions of law the court decided that $2600 should be deducted from the bond and mortgage, as of the date thereof, for the fraud in the sale of the watches as aforesaid; and the further sum of $420 as of January 9, 1861, the amount of rents collected and received by the plaintiff as above stated; and that after making said deductions, there was due and unpaid upon said bond and mortgage the sum of $1127, with interest thereon from the 9th day of January, 1861. That the plaintiff was entitled to judgment for foreclosure and sale, and for the payment of that amount out of the proceeds of the sale of the mortgaged premises. And that the defendant John B. Howell was entitled to judgment against the plaintiff, for his costs of this action. The plaintiff appealed from the judgment.

*T. R. Strong,* for the appellant.

*F. L. Durand,* for the respondent.

*By the Court,* WELLES, J. I have examined this case carefully, and am satisfied with the findings of fact by the court at special term. I am also satisfied with the conclusions of law arrived at by the court, and think the judgment should be affirmed.

The fraud in regard to the sale of the watches was proved beyond controversy.

The only question worthy of serious consideration, upon the merits, is in relation to the certificate given by Howell, the mortgagor, dated the same day with the bond and mortgage, in which he declared that the bond and mortgage was

given for a good and valid consideration, to the full amount thereof, and was subject to no offset or defense whatever. It is observable, in reference to this certificate, that it was given on the same day the mortgage was executed, and before the defendant Howell had any notice or knowledge of any fraud practiced upon him in the sale of the watches. That if Howell and his wife have not testified falsely, a most villainous fraud has been practiced upon him, not only in the sale of the watches, but in obtaining the certificate from Howell. It is true that the witnesses Jacob Picard and DeLano deny what Howell and his wife swear to, on the subject of the certificate, but the testimony of all four of these witnesses was before the special term, and presented a fair question of fact for the justice to consider and decide, and I think he has determined it judiciously. Howell appears to have been hard pressed for money. He also appears to have been an artless, unsuspicious and credulous man, and proved an easy victim to the band of sharpers into whose hands he was betrayed. The fraud perpetrated upon him by the Picards and Rosenthall, in the sale of the watches, is not attempted to be disproved. A man who can be guilty of, or become accessory to, such inquity has no moral or conscientious sanctions to restrain him from the commission of any other crime which may become necessary to effectuate the original fraudulent and wicked purpose. It is most apparent, on the hypothesis that Howell and his wife have testified truly, that he did not know the object, design or effect of the certificate, when he signed it; that he hesitated when it was presented to him for his signature, and when he inquired what it was, he was told that it was nothing, only a matter of form. He then asked Picard if he would keep the mortgage after it became due, if he could not pay it then, and he said he would. And on that assurance Howell signed the certificate.

Upon this view of the facts, the certificate did not amount to an estoppel in favor of the plaintiff. It was not addressed to him; and so far from being intended by Howell to enable

Picard to sell the mortgage to the plaintiff, or to any one else, it was designed to effect a directly contrary object, to to wit : to induce Picard to hold the mortgage until it became due, and longer if Howell should not then be able to pay it.

The execution of the mortgage and the signing of the certificate, were done at the same time, and were parts of one and the same transaction. They were both, with the assignment of the mortgage, delivered to the plaintiff at the same time, and in pursuance of an agreement between Picard and the plaintiff, entered into previous to the execution of the mortgage, for the sale and assignment of the mortgage by the former to the latter. The certificate, it therefore seems to me, can have no other or greater effect, in any respect, than if the substance of it had been inserted in the form of a covenant, in the mortgage. If that had been done, it is settled that it would not amount to an estoppel. (*Mechanics' Bank* v. *N. Y. and New Haven R. R. Co.*, 3 *Kern.* 638.)

Again ; the representations or declarations of a party, in order to constitute an estoppel *in pais*, *must be designed by the party making them* to influence the conduct of the party who alleges the estoppel—or of some other person who is in fact influenced by them to adopt a line of conduct inconsistent with their falsity. (*Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 483.)

And still again ; the certificate was procured for the sole benefit and under the requirement of the plaintiff. Picard had no occasion on his own account to have the declarations made which it contained. He well knew the statements were not true, and that the defendant Howell at the time he signed the certificate, believed them true, although the latter, very soon afterwards, ascertained their entire falsity. May not Picard, under these circumstances, be regarded as acting as agent for the plaintiff as well as in his own behalf, in procuring the certificate from Howell ? I incline to the opinion that he may ; and if that be so, the plaintiff is

chargeable with the conduct of Picard in obtaining the certificate, and can derive no benefit from it.

Once more ; viewing all the circumstances together, as developed by the testimony, the value of the mortgaged premises ; the facts that the plaintiff held, and knew of incumbrances upon them to the amount of $6000 ; his willingness, not to say eagerness, to obtain enough more to swallow up the whole value, or so nearly so as to render it highly improbable that Howell, in his embarrassed circumstances, would be able to pay them off ; the fact that he was informed, before the mortgage was executed, that it was to be given in part for the purchase of watches—the last kind of property which the defendant needed—and the purchase by the plaintiff of the mortgage being negotiated before it was actually given ; of the actual sale and assignment to him of the mortgage, the same day it was given, at the enormous discount of $900 ; were sufficient to awaken and should have awakened his suspicions that all was not right, and should have led him to further inquiry ; and were enough to charge him with notice of the fraud, as the court at special term has properly found.

I have examined all the exceptions to the rulings at the trial, in the exclusion or admission of evidence, and fail to perceive in any one of them a sufficient ground for the reversal of the judgment.

For the foregoing reasons I am of the opinion that the judgment should be affirmed, with costs of the appeal to be paid by the plaintiff.

Ordered accordingly.

[Monroe General Term, June 6, 1864. *Johnson, James C. Smith* and *Welles,* Justices.]