## BARNEY *v.* KENISTON.

A debtor, claiming and obtaining the exemption of a horse from attachment, under Laws of 1871, *c.* 30, is estopped from afterwards claiming the exemption of oxen attached at the same time, though the horse was not his property.

TRESPASS, *de bonis*, to recover the value of a yoke of oxen taken and sold by the defendant on mesne process against the plaintiff. A horse, attached on the same process, was claimed by the debtor to be exempt from attachment, under Laws of 1871, *c.* 30, and was released by the officer. There was evidence that another person owned the horse at the time of the attachment. Afterwards, before the oxen were sold, the debtor claimed them as exempt from attachment.

The defendant excepted to the instructions of the court to the jury, that if the plaintiff did not own the horse, he would not be precluded from claiming the oxen, although he had before claimed the horse as exempt. Verdict for the plaintiff ; motion of the defendant for a new trial.

*Flanders*, for the plaintiff.

*Barnard & Leach*, for the defendant.

ALLEN, J.    When the plaintiff claimed the horse as exempt from attachment, under Laws of 1871, *c.* 30, he made election of a team, as between the horse and oxen, and by such claim virtually asserted title to the horse.    The defendant, acting on such claim and assertion, released the horse from attachment, and thereby materially changed his position.    After claiming the horse, and thereby obtaining his release, the plaintiff is not at liberty to deny the title and claim the oxen.    He is estopped from contradicting his own acts and admissions, which were expressly designed to influence the defendant.    *Davis* v. *Sanders*, 11 N. H. 259 ; *Wells* v. *Pierce*, 27 N. H. 503 ; *Davis* v. *Handy*, 37 N. H. 65 ; *Drew* v. *Kimball*, 43 N. H. 282 ; *Horn* v. *Cole*, 51 N. H. 287 ; *Davis* v. *Dyer*, 56 N. H. 143 ; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483 ; *First Presby. Cong. in Salem* v. *Williams*, 9 Wend. 147 ; *Gosling* v. *Birnie*, 7 Bing. 339.

The test of the application of the doctrine of estoppel is not ownership of the property, but, rather, the acts, conduct, representations, and admissions of one party, influencing and changing the acts and position of the other.    It was not material whether the plaintiff or another owned the horse, or whether or not he made his claim to it in good faith.    Having secured the release of the horse by making his claim, he cannot now set up a different state of facts to the disadvantage of the defendant.

*A new trial granted.*

STANLEY, J., did not sit.